IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60062
_____


RAYMOND PHILLIPS,

Petitioner-Appellant,

versus

JOHN F. DONNELLY, JR.;
MICHAEL C. MOORE, Attorney General,
State of Mississippi,

Respondents-Appellees.
_____

Appeal from the United States District Court for the
Southern District of Mississippi
_____

July 10, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Raymond Phillips pled guilty to vehicular manslaughter in Mississippi state court on June 29, 1995. He subsequently filed a petition seeking habeas corpus relief in federal court, which was denied because of untimeliness. We then granted a certificate of appealability ("COA") on the single issue of whether Phillips's habeas corpus motion was timely filed. For the reasons stated below, we vacate the district court's dismissal and remand for a hearing as to whether Phillips is entitled to equitable tolling of the statute of limitations.

On June 29, 1995, Phillips entered a guilty plea on the charge of vehicular homicide. The Mississippi trial court sentenced him to a fourteen-year jail term. Under Miss. Code Ann. § 99-35-101, a criminal defendant who pleads guilty has no right to appeal his conviction. Phillips filed a state habeas corpus petition on February 5, 1997, which the state court denied on May 1, 1997. Phillips contends that he did not receive notice of this result until August 29, 1997. Phillips then filed a motion for an out-of-time appeal on September 1, 1997, in state court, which was also denied on September 18, 1997. Phillips never appealed this denial.

On October 17, 1997, Phillips filed an application for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254.[1] The state filed a motion to dismiss, asserting that the petition was time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The magistrate judge recommended dismissal. Phillips responded by arguing that the time for filing his application should have tolled between May 1, 1997 and August 29, 1997, the period between the actual denial of his state habeas petition and the day when he claims he was finally notified

---

[1]Phillips raised the following four arguments: (1) that his guilty plea was involuntary; (2) that there was newly discovered evidence; (3) that his counsel had been ineffective; and (4) that he was denied due process.

of the denial.  In response to this argument, the district court returned the case to the magistrate judge.

After further review, the magistrate judge entered a supplemental report, recommending that any delay in notification of the denial should not toll the limitations period and that dismissal was appropriate.  The district court adopted this report and recommendation and dismissed Phillips's petition with prejudice.

Phillips next filed a notice of appeal, which the district court construed as an application for a COA.  The district court denied the application, and Phillips then requested a COA from this court.  We granted that COA on the limited question of whether his petition was timely.

II

Because Phillips filed his federal habeas corpus petition on October 17, 1997, after the effective date of the AEDPA, the AEDPA governs his petition.  See Lindh v. Murphy, 521 U.S. 320, 324-26, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)(confirming that AEDPA applies to federal habeas corpus petitions filed on or after April 24, 1996).  Under a literal reading of 28 U.S.C. § 2244(d)(1)[2], Phillips's ability to petition for habeas corpus

_____

[2]This provision reads:

(d)(1)    A 1-year period of limitation shall apply to

3

relief ended on June 29, 1996, one year after the state court judgment became final. But in United States v. Flores, 135 F.3d 1000, 1005-06 (5th Cir. 1998), we held that for § 2254 petitions, one year from the enactment of the AEDPA constituted a reasonable time to file for those prisoners whose convictions had become final before enactment of the AEDPA. Phillips therefore had until April 24, 1997, to file his habeas corpus petition.

The AEDPA also provides for the tolling of the statute of limitations under certain circumstances:

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. In addition, in certain exceptional circumstances, equitable tolling may be warranted. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Under normal circumstances, Phillips had 365 days from April 24, 1996, to file his habeas corpus petition. The tolling

---

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . .

28 U.S.C. § 2244.

4

provision for pending state habeas corpus applications began on February 5, 1997, when he filed his appeal in state court. At this point, 286 days had run on the statue of limitations, leaving 79.

On May 1, 1997, with denial of his appeal by the state court, the period normally would have started running again. It would have run out, therefore, long before Phillips filed his federal habeas corpus petition on October 17, 1997. Even if we accept Phillips's contention that he did not receive notice of the denial until August 29, 1997, the state petition was not "pending"[3] during that subsequent four-month delay. Thus, under the provisions of the statute, Phillips's federal petition was untimely.

Equitable tolling, however, may apply in this case. It is true that tolling is only available in "exceptional circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). As we noted in Fisher, 174 F.3d at 715, a substantial delay of several months in receiving information concerning a change in the law might qualify. In this case, the purported delay in receiving notice of the denial was four months. And Phillips pursued the process with diligence and alacrity: he filed for an out-of-time appeal within three days of allegedly receiving notice of the denial. He then

---

[3]The American Heritage Dictionary of the English Language 969 (10th ed. 1981) defines "pending" as "[n]ot yet decided or settled; awaiting conclusion or confirmation." On May 1, 1997, the matter on appeal was decided and settled, regardless of whether Phillips had notice of the denial on that date.

filed his federal habeas corpus appeal within one month of the denial of the out-of-time appeal. Thus, we conclude that the delay in receiving notification that Phillips describes could qualify for equitable tolling. This would toll the period from May 1, 1997 to August 29, 1997. Thus, as of August 29, Phillips would still have had 79 days remaining on the statute of limitations.

Another two days ran on the clock after Phillips received notice of the denial but before he filed his motion for an out-of-time appeal in state court on September 1, 1997. The period then tolled until the denial of that appeal on September 18. Another 30 days ran before Phillips filed his federal habeas corpus petition on October 17. Thus, Phillips still had 47 days left on the statute of limitations on that date. This habeas corpus petition, therefore, would have been timely.

## III

This all assumes that Phillips can establish that he did not receive notice of the denial of his appeal until August 29, 1997. Although we have not found any cases discussing who bears the burden of proof concerning equitable tolling in the AEDPA context, we believe the defendant should bear this burden. In other areas of federal law, the party seeking to establish tolling typically carries that burden. See Hood v. Sears Roebuck and Co., 168 F.3d 231, 232 (5th Cir. 1999)(claimant bears the burden in Title VII

6

cases); <u>Blumberg v. HCA Management Co., Inc.</u>, 848 F.2d 642, 644 (5th Cir. 1988)(plaintiff bears the burden in ADEA cases); <u>Taylor v. General Telephone Co.</u>, 759 F.2d 437, 442 (5th Cir. 1985)(plaintiff bears burden concerning equitable tolling of the filing requirement with the EEOC); <u>United States v. Marshall</u>, 856 F.2d 896, 900 (7th Cir. 1988)(government must establish factual predicates to tolling). We believe that the burden should fall on Phillips in this case. We therefore REMAND the case to the district court for a hearing as to whether Phillips first received notice of the denial on August 17, 1997.

IV

For the reasons stated herein, the district court's denial of habeas corpus relief is

VACATED and REMANDED.

7