IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20218
Summary Calendar
_____

RAYMOND SPICER,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-695
--------------------
October 5, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Raymond Spicer, Texas prisoner #696206, seeks a certificate of appealability ("COA") to appeal the dismissal of his habeas corpus application as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).  Because the district court's denial of federal habeas relief is based upon procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

Spicer's state court conviction became final well before the effective date of the AEDPA; thus, Spicer had until April 24, 1997, to file his § 2254 petition. See Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998). Spicer did not file his § 2254 petition until March 10, 1998. Accordingly, unless the one-year grace period was tolled, Spicer's petition is untimely.

Subsequent to the district court's dismissal of Spicer's § 2254 petition, this court held that a purported four-month delay in receiving notice of the denial of a state habeas application could constitute a rare and exceptional circumstance warranting the equitable tolling of the one-year limitation period. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), rehearing granted and opinion modified, 2000 WL 1191624 (5th Cir. 2000). Spicer contends that he did not receive notice of the denial of his state habeas application until sometime in early 1998. Spicer's state habeas application was denied on April 23, 1997. If it is established that Spicer did not receive notice of the denial of his state habeas application until sometime in early 1998, his § 2254 application filed on March 10, 1998, may be timely.

Spicer has shown that reasonable jurists would find that the district court erred in dismissing his § 2254 petition as barred by the one-year statute of limitations in § 2244(d). Slack, 120 S.Ct. at 1604. His petition also presents at least one facially valid constitutional claim. Hall v. Cain, 216 F.3d 518, 521 (5th Cir.

2000).  A COA is GRANTED, the district court's judgment of dismissal is VACATED, and the case is REMANDED to the district court for a determination as to when Spicer first received notice of the denial of his state habeas application.  Spicer has the burden of establishing when he first received notice.  Phillips, 216 F.3d at 511.

Moreover, the district court's determination that Spicer's failure to notify the Texas Court of Criminal Appeals of his change of address caused the limitations period to expire is clearly erroneous.  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Fed. R. Civ. P. 52(a).  The state record contains nothing showing that Spicer was mailed any notification prior to his inquiry in January 1998.  He did not change his prior address from April to December 1997, and he notified the court of the change in January 1998.  Additionally, there was no need for Spicer to inquire periodically of the habeas application status; the form letter of the Clerk of the Court of Criminal Appeals has a check-off statement indicating that the petitioner would be notified when a decision was reached.

COA GRANTED; VACATED and REMANDED.