IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20335
Summary Calendar
_____


EMMANUEL MORENO,

Petitioner-Appellant,

versus

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1189
--------------------
November 7, 2000

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Emmanuel Moreno was convicted of murder in Texas state court in 1992. He subsequently filed a petition seeking habeas corpus relief in federal court, which was denied because of untimeliness. This court granted a certificate of appealability ("COA") on the issue whether the limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA) is tolled until the date the state court denies the prisoner's habeas petition, or whether the

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitations period is tolled until the prisoner receives actual notice of the denial.

Once a prisoner's state petition is denied, it is no longer "pending" for purposes of tolling the AEDPA limitations period. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). However, where a prisoner's time to file a federal habeas petition runs out before he receives actual notice that his state petition was denied, the doctrine of equitable tolling may apply. See id. Equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case . . . ." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Whether the particular facts of Moreno's case warrant the application of the equitable tolling doctrine is a question of fact to be decided by the district court in its discretion. See id.

Accordingly, the dismissal as untimely by the district court is VACATED and this case is REMANDED to the district court to determine whether the doctrine of equitable tolling should be applied to the facts of this case.