IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10773
_____

CHAU MINH TRINH,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-390-A
--------------------
February 6, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Chau Minh Trinh, Texas prisoner # 727527, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application for a writ of habeas corpus as time-barred under the Antiterrorism and Effective Death Penalty Act's one-year limitations period. See 28 U.S.C. § 2244(d). Trinh argues that equitable tolling applies to his case because he did not receive notice from his attorney or the court of the denial of his state petition for discretionary review ("PDR")

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

until almost two-and-a-half years after the decision was rendered, when Trinh alleges he inquired with the court about the status of his case.

A COA may be issued only if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, ___, 120 S. Ct. 1595, 1604 (2000).

For equitable tolling to apply, the petitioner must not only demonstrate "rare and exceptional circumstances," but also must "diligently pursue his § 2254 relief." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999), cert. denied, 120 S. Ct. 1564 (2000). The district court concluded that Trinh's allegations regarding his delayed notice of the refusal of his PDR "[did] not present rare and exceptional circumstances." Subsequent to the district court's dismissal of Trinh's § 2254 petition, however, this court held that a purported four-month delay in receiving notice of the denial of a state habeas application could constitute a rare and exceptional circumstance warranting equitable tolling of the one-year limitations period. Phillips v. Donnelly, 216 F.3d 508, 511, modified on other grounds, 223 F.3d 797 (5th Cir. 2000). In light of Phillips, it is debatable whether the district court's

determination that equitable tolling did not apply in this matter was correct. Trinh also has stated facially valid constitutional claims in his petition. See Slack, 120 S. Ct. at 1604.

Accordingly, COA is GRANTED, the district court's judgment dismissing Trinh's § 2254 petition is VACATED, and this matter is REMANDED to the district court, possibly aided by an evidentiary hearing, for a determination as to when Trinh first received notice of the refusal of his PDR and whether he diligently pursued his federal habeas rights. Phillips, 216 F.3d at 511. On remand, Trinh bears the burden of proving the factual predicates warranting equitable tolling. Phillips, 223 F.3d at 797.

COA GRANTED; VACATED and REMANDED.