**F I L E D**

**UNITED STATES COURT OF APPEALS**

APR 12 2001

**TENTH CIRCUIT**

MALCOLM NIGEL SCOTT,

    Plaintiff-Appellant,

v.

JAMES L. SAFFLE, Director,

    Defendant-Appellee.

No. 00-5184
(D.C. No. CIV-99-471-K)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **EBEL**, and **BRISCOE**, Circuit Judges.

    Mr. Scott appeals the dismissal of his petition for habeas corpus as untimely. As discussed below, we deny his applications to proceed *in forma pauperis* and for a certificate of appealabillity, and we dismiss the appeal.

    Mr. Scott was convicted in state court in 1995 of first degree murder and other charges. His conviction was affirmed on March 26, 1997, and he did not

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

file for a writ of certiorari in the United States Supreme Court. On March 19, 1998, Mr. Scott filed an application for state post-conviction relief, which was denied on May 14, 1998. He did not appeal. On December 28, 1998, Mr. Scott filed a second application for state post-conviction relief, which was denied on March 1, 1999, and affirmed on June 8, 1999.

On June 18, 1999, Mr. Scott filed a petition for a writ of habeas corpus in federal district court. The petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). *See Williams v. Taylor*, 529 U.S. 420, 429 (2000). The district court dismissed Mr. Scott's petition as untimely because AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244 (d)(1) (2000). The statute contains specific guidelines for calculating the one-year period, and "tolls" the period, or stops the clock from running, while a properly filed appeal or request for collateral review is pending in the state courts.

The district court held that Mr. Scott's habeas petition had to be filed by August 19, 1998, in order to be timely. The court reached this conclusion by adding the ninety days allowed for the filing of a certiorari petition in the United States Supreme Court to the date Mr. Scott's conviction was affirmed on direct appeal, March 26, 1997, yielding June 24, 1997, as the day Mr. Scott's conviction

became final.[1]  Applying the one-year statutory period for filing a habeas petition would then yield a filing deadline of June 24, 1998.  The court rightly noted that the clock was stopped for Mr. Scott when he filed his first application for state post-conviction relief on March 19, 1998, ninety-eight days before the habeas filing deadline of June 24, 1998.  This application for post-conviction relief was denied on May 14, 1998.  The clock began ticking again at that point for another ninety-eight days, rendering August 19, 1998, the final date by which Mr. Scott was required to file his habeas corpus petition in federal court.[2]  He did not file his habeas petition until June 18, 1999.  The filing of Mr. Scott's second application for post-conviction relief on December 28, 1998, did not toll the limitations period because at the time of its filing the federal habeas limitations period had already passed.  *See Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

---

[1] *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (one-year period begins when time allowed to petition for certiorari has passed).

[2] Subsequent to the federal district court's ruling, this court held that the AEDPA limitation period is tolled for the thirty days during which a petitioner could have appealed the state court's denial of his application for post-conviction relief even if the petitioner does not actually appeal.  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).  Providing Mr. Scott an additional thirty days would not make a difference here, however, as he missed the filing deadline by far more than thirty days.

The district court rejected Mr. Scott's claim for equitable tolling, concluding that no "extraordinary circumstances" had prevented him from filing his habeas petition in a timely manner and that he had not demonstrated diligence in pursuit of his claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner must describe steps taken to diligently pursue claims).

On appeal, Mr. Scott raises only the issue of equitable tolling, arguing an entitlement to tolling because he did not discover his first application for post-conviction relief had been denied until several months after the state ruled. He claims he did not receive a copy of the opinion in a timely manner because he was transferred to another prison before the decision was handed down and then transferred five more times in the seven months that followed. He contends he did not have time to inform the state court of his new address before the opinion was mailed to his previous address. He also asserts he did notify the state court of his new address shortly thereafter. The state court has no record of that notification and determined as a finding of fact that Mr. Scott did not notify the court. A petitioner challenging such a finding of fact by a state court must provide clear and convincing evidence of that court's error. *See Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000); 28 U.S.C. § 2254(e)(1). Mr. Scott has not done so.

Mr. Scott also relies on two Fifth Circuit opinions, *Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000) (per curiam), and *Fisher v. Johnson*, 174 F.3d 710

(5th Cir. 1999), *cert. denied*, 121 S. Ct. 1121 (2001). In *Phillips*, the court held that the petitioner was entitled to equitable tolling not only because there had been a substantial "delay in receiving notice of the denial" but also in consideration of that fact that "Phillips pursued the process with diligence and alacrity: he filed for an out-of-time appeal within three days of allegedly receiving notice of the denial." *Phillips*, 216 F.3d at 511. There was no such diligence in Mr. Scott's case. In *Fisher*, the Fifth Circuit denied equitable tolling to a prisoner who (a) had no actual knowledge of AEDPA's limitations period until a copy of the statute arrived in the prison library, forty-three days after the law went into effect and (b) spent seventeen days in a psychiatric ward, during which time he was mentally incompetent and unable to work on his habeas petition. *Fisher*, 174 F.3d at 714-15. We see no relevance in this case.

In sum, Mr. Scott has not made the required showing that "'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gibson*, 232 F.3d at 802 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We **DENY** his request for a certificate of appealability and for leave to proceed in forma pauperis, and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge