IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-41471

JUAN MANUEL ALARCON,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(5:00-CV-236)

January 11, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit
Judges.

PER CURIAM:[*]

Juan Manuel Alarcon appeals the district court's dismissal of
his 28 U.S.C. § 2254 petition as barred by the one-year statute of
limitations. We granted a Certificate of Appealability "on the
issue [of] whether Alarcon was entitled to the benefit of equitable
tolling while his transfer petition pursuant to the Prisoner
Transfer Treaty was pending." Since Alarcon's petition is time-
barred irrespective of the applicability of the doctrine of

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

equitable tolling to his case, we need not reach the question on which the COA was granted.[1]  We therefore affirm.

I

Alarcon was convicted of aggravated possession of a controlled substance with intent to deliver on December 17, 1996 after a jury trial.  On January 12, 1998, the Texas Court of Appeals affirmed Alarcon's conviction.  On February 11, 1998, the conviction became final, as the time for Alarcon to file a petition for discretionary review with the Texas Court of Criminal Appeals expired.[2]

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to Alarcon's federal habeas petition,[3] which was filed on September 7, 2000, 939 days after his conviction became final.  For § 2254 petitions, AEDPA imposes a one-year period of limitation.[4] That period runs, for Alarcon, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...."[5]  AEDPA also contains provisions tolling this statute of limitations for "[t]he time during which a properly filed application for State post-conviction

---

[1] Alarcon raises additional questions in his appeal relating to the merits of his petition.  We cannot, however, reach questions that are not within the scope of the COA.  *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

[2] Tex. R. App. P. 68.2(a).

[3] *Lindh v. Murphy*, 521 U.S. 320, 324-36 (1997) (stating that AEDPA applies to petitions filed on or after April 24, 1996).

[4] 28 U.S.C. § 2244(d)(1).

[5] *Id.* § 2244(d)(1)(A).

2

or other collateral review with respect to the pertinent judgment or claim is pending ....["][6] Finally, we have held that equitable tolling is available,[7] but only in "exceptional circumstances."[8]

## II

Therefore in order for Alarcon's petition to be timely, he must prove that the statute of limitations was tolled, by operation of § 2244(d)(2) or equitably, for a total of 574 days. The facts surrounding Alarcon's two state petitions for collateral review are undisputed. Alarcon filed his first state application on August 17, 1998. The Texas Court of Criminal Appeals denied this application on October 7, 1998. Thus, the AEDPA limitations period was tolled for 51 days.[9] Alarcon's second state petition was filed on March 8, 1999 and dismissed for abuse of the writ on June 30, 1999, thus tolling the AEDPA limitations period for an additional 114 days.

Were these the only two instances of tolling to which Alarcon could point us, his petition would be untimely by 409 days. However, Alarcon claims that his petition for transfer pursuant to

---

[6] *Id.* § 2244(d)(2).

[7] *Phillips v. Donnelly*, 216 F.3d 508, 510 (5th Cir. 2000).

[8] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

[9] At this point Alarcon needs only 523 more days of tolling in order for his petition to be timely.

3

the Treaty on the Execution of Penal Sentences[10] equitably tolled the limitations period from June 2, 1999 until the denial of the petition by the Governor of Texas on June 29, 2000.[11]  Specifically, Alarcon claims that since the Treaty's protections are unavailable to anyone seeking collateral review,[12] his failure to file a federal habeas petition was directly related to his efforts to seek transfer under the Treaty, and thus AEDPA's limitation period is in conflict with this provision of the Treaty.

We need not reach the question of whether a petition under the Treaty equitably tolls AEDPA's statute of limitations, however, because even if such tolling is available, Alarcon's petition is untimely by 44 days.  A pending petition from June 2, 1999 until June 29, 2000 would, if equitable tolling were available, toll the statute of limitations for 393 days.  However, the limitations period was already tolled from June 2-30, 1999 because of Alarcon's second state habeas petition.  Therefore, any tolling from Alarcon's alleged Treaty petition would only be from June 30, 1999, when his second state habeas petition was denied, until June 29, 2000, when his treaty petition was denied.  This would result in

---

[10] November 25, 1976, U.S.–Mex., 28 U.S.T. 7399.

[11] Respondent disputes that Alarcon made a proper petition under the treaty on June 2, 1999 and argues that Alarcon's only valid petition was transmitted to the Governor of Texas on June 9, 2000.  Since we ultimately conclude that Alarcon's petition is untimely even if the facts are as he alleges, we need not address Respondent's factual contentions.

[12] 28 U.S.T. at 7403 ("This Treaty shall apply only subject to the following conditions ... no proceeding by way of appeal or of collateral attack upon the offender's conviction or sentence be pending ....").

tolling of 365 days.  Since we have earlier concluded that Alarcon required 409 days of equitable tolling in order for his petition to be timely, his federal habeas petition, filed on September 7, 2000, was untimely by 44 days, even assuming application of equitable tolling principles to this case.  His petition is thus, as the district court correctly concluded, time-barred.

We AFFIRM.