**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-10836

JOEL THOMAS LEWIS,

Petitioner-Appellant,

versus

JANIE COCKRELL, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

March 5, 2002

Before JONES, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Texas state prisoner Joel Thomas Lewis ("Lewis") challenges the district court's *sua sponte* dismissal of his 28 U.S.C. § 2254 petition because of untimeliness. We granted a certificate of appealability (COA) on (1) whether we may consider Lewis's equitable tolling argument, raised for the first time on appeal, and (2) whether this argument has merit. Because we find these circumstances to be insufficient to warrant equitable tolling, we affirm.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

Lewis was convicted of possession of less than one gram of methamphetamine in Texas state court on June 24, 1997 and sentenced to a twenty-year jail term. On July 9, 1998, his conviction was affirmed by the Texas Court of Appeals, Eleventh District, on direct appeal. His motion for rehearing was overruled on July 30, 1998, and he did not seek a petition for discretionary review (PDR). Lewis filed a state habeas corpus application on June 1, 1999, which was denied by the Texas Court of Criminal Appeals on September 8, 1999.

Lewis's § 2254 application is dated May 31, 2000, but was date-stamped "filed" by the United States District Court for the Northern District of Texas on June 5, 2000. The matter was referred to a magistrate judge who, on June 7, 2000, ordered Lewis to either submit an *in forma pauperis* application or pay the filing fee. On July 19, 2000, the district court withdrew the order referring the case to the magistrate judge and *sua sponte* entered an order of summary dismissal, dismissing his § 2254 petition with prejudice as time-barred pursuant to 28 U.S.C. § 2244. The district court found that Lewis's conviction became final on August 29, 1998, giving him until August 29, 1999 to file a § 2254 petition. The district court also found that Lewis filed his state court petition on July 12, 1999, tolling the federal limitations period until the denial of the application on September 8, 1999. Thus, extending the limitations period by an additional fifty-nine days, the court found that Lewis had until October 27, 1999 to file a timely § 2254 petition. Because Lewis's petition was not file stamped in federal district court until June 5, 2000, the district court dismissed his petition as untimely.

Lewis filed a timely notice of appeal (NOA) on August 1, 2000, which did not request a COA or present any argument. On August 9, 2000, the district court construed the NOA as an application for a COA and denied it for the reasons stated in its order of dismissal. Lewis filed a motion for a

COA and supporting brief in this court on October 16, 2000, arguing for the first time on appeal that the one-year limitations period should be equitably tolled, or was tolled due to a "state impediment" under § 2244(d)(1)(B), because he did not receive timely notice of the denial of his direct appeal and state habeas petition. On January 5, 2001, we denied a COA on Lewis's state impediment arguments, but granted a COA on two issues: (1) whether this court may consider Lewis's equitable tolling argument, and (2) if so, whether this argument has merit.

## DISCUSSION

I.     Subject Matter Jurisdiction

We must first decide whether we have jurisdiction to hear this appeal. Respondent Janie Cockrell ("Cockrell") submits in her appellate brief that "this court lacks jurisdiction to consider any of the issues briefed by Lewis on appeal." This court generally will not grant a COA on an issue raised for the first time in a COA application because such issues have not been addressed by the district court in its COA determination. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).[1] As noted above, Lewis raised his equitable tolling argument for the first time in a request for a COA from this court. In granting a COA in this case, however, we concluded that Whitehead should not be strictly applied under the unusual procedural history of this case because Lewis may

_____

[1] In Whitehead, we recognized "the requirement that initially the district court deny a COA as to each issue presented by the [COA] applicant." 157 F.3d at 388. Further, we stated, in pertinent part, that

> [a] district court must deny the COA before a petitioner can request one from this court. The rule contemplates that the district court will make the first judgment whether a COA should issue and on which issues, and that the circuit court will be informed by the district court's determination in its own decisionmaking. Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional, and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.

Id. (footnotes and internal quotations omitted).

3

not have had a reasonable opportunity to present his equitable tolling argument in response to the district court's *sua sponte* dismissal of his application as time-barred. Further, in <u>Whitehead</u>, we were without jurisdiction to consider whether to grant or deny a COA on the underlying constitutional claims presented in the petitioner's § 2254 application because the district court improperly dismissed the petition for failure to exhaust state remedies and did not alternatively address the merits of the constitutional claims. <u>Id.</u> at 388. In this case, the district court dismissed Lewis's petition as time-barred and we granted a COA on the procedural issue of whether the one-year statute of limitations period should be equitably tolled. Having granted a COA in this case, the procedural threshold for appellate jurisdiction has been passed and we need not revisit the issuance of the COA in order to determine whether Lewis is entitled to equitable tolling.

II.     Consideration of the Equitable Tolling Argument

We must now consider whether we should decline to consider Lewis's equitable tolling argument because it is raised for the first time on appeal. "Although we generally do not entertain issues not raised in, or decided by, the district court, we will do so in extraordinary instances when such consideration is required to avoid a miscarriage of justice." <u>Doleac v. Michalson</u>, 264 F.3d 470, 492 (5th Cir. 2001) (considering a constitutional challenge to 28 U.S.C. § 1447(d) raised for the first time on appeal where the appellant could not have raised the issue in the district court pre-remand because he lacked standing). We conclude that the procedural history of this case requires our consideration of Lewis's equitable tolling argument in order to avoid a miscarriage of justice; Lewis did not have the opportunity to raise the issue prior to the district court's *sua sponte* dismissal.

4

When a federal district court applies the limitations period *sua sponte*,[2] it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense. See Fisher v. Texas, 169 F.3d 295, 301-02 (5th Cir. 1999) (refusing to exercise discretion to find a habeas petitioner's claim procedurally barred where petitioner had no notice that the procedural bar would be an issue for consideration); Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998) (holding that district court did not abuse its discretion in raising procedural default *sua sponte* where habeas petitioner was afforded both notice and a reasonable opportunity to oppose its application). In this case, the district court withdrew its order of referral before the magistrate judge could make a recommendation that the application be dismissed as time-barred, thus depriving Lewis of notice of this issue and an opportunity to oppose application of the statute of limitations. Further, because the district court dismissed the application *sua sponte*, without the state filing a motion to dismiss as time-barred, Lewis did not have notice of the time-bar issue or an opportunity to respond to such motion or the district court's dismissal.

Cockrell maintains, however, that Lewis could have asserted his equitable tolling claim in a post-judgment motion under Federal Rule of Civil Procedure 59(e), in a request for COA filed with the district court, or in his NOA. However, there is no requirement that a Rule 59 motion precede an appeal, Lewis's NOA did comply with the requirements of Federal Rule of Appellate Procedure 3(c)(1), and the district court construed Lewis's NOA as an application for a COA and denied it without offering Lewis an opportunity to respond. Thus, we will consider the merits of Lewis's

---

[2]In Kiser v. Johnson, we held that district courts may apply the AEDPA's limitations period *sua sponte*. 163 F.3d 326, 329 (5th Cir. 1999)

5

equitable tolling argument.

III.     Merits of the Equitable Tolling Argument

In a federal habeas corpus case, we review the district court's findings of fact for clear error, but decide any questions of law *de novo*.  Bernard v. Collins, 958 F.2d 634, 636 (5th Cir. 1992).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings.  28 U.S.C. § 2244(d)(1).  The limitations period usually begins to run when the state court judgment becomes final after direct appeal or the time for seeking such review expires.  Id. § 2244(d)(1)(A).  Lewis was convicted on June 24, 1997, his conviction was affirmed on July 9, 1998, and his motion for rehearing was overruled on July 30, 1998.  Lewis did not file a PDR.  Therefore, the judgment became final on August 29, 1998, thirty days after his motion for rehearing was overruled.  TEX. R. APP. P. 68.2(a); see also Chism v. Johnson, No. 399CV2412-BD, 2000 WL 256875, at *1 (N.D. Tex. March 7, 2000).  As a result, Lewis had until August 29, 1999 to file his federal habeas corpus petition.

The AEDPA also provides for tolling of the statute of limitations while "a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).  The tolling provision for pending state habeas corpus applications began on June 1, 1999, when Lewis filed his habeas petition in state court.[3]  On September 8, 1999, with the denial of his appeal by the state court, the period would have started running again.  Lewis had until December 6, 1999 to file a timely § 2254 application.  Even with this tolling, however, the limitations period

_____

[3]The district court erroneously found that Lewis filed his state habeas application on July 12, 1999.

6

would have expired before Lewis filed his federal habeas corpus petition on May 31, 2000.[4] Thus, under the provisions of the statute, Lewis's federal petition was untimely.

Equitable tolling, however, may apply in this case. The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998). Tolling is appropriate, however, only in "rare and exceptional circumstances." Id. The doctrine of equitable tolling is generally appropriate in two distinct situations: "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 148 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotations omitted). "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." Id. Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

Lewis's arguments in favor of equitable tolling are unpersuasive. There is no allegation in this case that Lewis was actively misled about the filing of his federal habeas petition. See United States v. Patterson, 211 F.3d 927, 931-32 (5th Cir. 2000) (holding that equitable tolling is appropriate where the district court led the petitioner to believe that his federal habeas petition would not be time-barred). Therefore, Lewis must point to some extraordinary circumstances that prevented him from complying with the AEDPA's limitations period. Lewis suggests that the limitations period should be tolled because his attorney and the state courts failed to notify him of the denials of his direct

---

[4]Although the district court used the file stamp date, June 5, 2000, the petition was filed on May 31, 2000, the date the application was submitted for mailing to the district court. See Sonnier v. Johnson, 161 F.3d 941, 945 n.2 (5th Cir. 1998).

appeal and subsequent state habeas application.[5]  Lewis makes several assertions to support this argument.  Lewis's attorney filed a state appellate brief in October 1997, but allegedly told Lewis nothing else about the appeal until Lewis's father contacted the attorney in May or June of 1999 and learned that the conviction was affirmed.  Soon afterwards, Lewis received a state habeas application from his attorney, which he signed and returned.  Lewis alleges that he heard nothing further from his attorney.  On April 24, 2000, Lewis and another inmate began sending letters to his attorney and various court clerks in an attempt to ascertain the status of his appeal and state habeas corpus application, including the relevant dates.  After receiving responses from a few of the clerks, but not from his attorney, Lewis learned the date that his state habeas corpus petition was denied and filed his federal habeas application on May 31, 2000.  Lewis states that he was not aware of the date that his appeal was denied until the district court issued its order of summary dismissal on July 19, 2000.

Lewis's asserted delay in receiving information regarding the state court rulings is insufficient to meet the high standard necessary for equitable tolling.  In Phillips v. Donnelly, we determined that in the case of a *pro se* prisoner who had pursued his rights with "diligence and alacrity" and could establish that he did not receive notice of the state court's denial of his state petition for a period of four months, equitable tolling may apply to extend the one-year limitations period of the AEDPA. 216 F.3d at 511 (remanding the case for a hearing as to whether Phillips received untimely notice of the denial of his state petition).  We have never held that a habeas petitioner who represented by counsel, failed to receive timely notice of a state court's ruling should be entitled to equitable tolling

---

[5]To the extent that Lewis argues that the failure of the state courts and his attorney to forward copies of decisions to him constitutes a state impediment, our previous grant of a COA rejected Lewis's request for a COA on these grounds.  Thus, we decline to address Lewis's state impediment arguments.

as a result. There is no evidence that Lewis could not have called his attorney in order to learn the status of the state court rulings, and there is no indication that Lewis's father, who had contacted his attorney regarding Lewis's appeal, could not have made a similar inquiry about his state petition. Thus, Lewis was not prevented in some extraordinary way from asserting his rights.

Lewis also argues that his attorney's failure to inform him of his right to file a PDR and decision to file a state habeas corpus application without keeping Lewis informed of the proceedings, amounted to ineffective assistance of counsel warranting equitable tolling. He essentially contends that his attorney's negligence justifies equitable tolling. Our cases have not dealt with whether mere attorney negligence justifies equitable tolling of the limitations period of the AEDPA. We have recognized, however, that "[a] garden variety claim of excusable neglect does not support equitable tolling." See Coleman, 148 F.3d at 402 (citation omitted). Because Lewis's allegations regarding the competency of his attorney's representation during the post-conviction proceedings do not present extraordinary circumstances that made it impossible to timely file his petition, he cannot prevail on equitable tolling.

CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Lewis's habeas petition as time-barred.

AFFIRMED.