IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41148
Conference Calendar
_____

ALEJANDRO GUTIERREZ,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CV-475
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Alejandro Gutierrez, Texas inmate #788616, appeals the

dismissal of his 28 U.S.C. § 2254 petition as barred by the 28

U.S.C. § 2244(d) statute of limitations.  The district court

granted Gutierrez a certificate of appealability.

    Gutierrez contends that equitable tolling applies because

his attorney did not notify him of the April 14, 1999, refusal of

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his petition for discretionary review ("PDR"). Gutierrez asserts that he learned of the decision on June 15, 1999. Gutierrez relies on Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on limited grounds, 223 F.3d 797 (5th Cir. 2000), as support for his position.

We review a district court's decision on equitable tolling for an abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling applies when the plaintiff is "actively misled" about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (citation and quotations omitted). Ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances warranting equitable tolling. Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000).

The instant case is distinguishable from Phillips. Although Gutierrez contends that he did not learn of the April 14, 1999, refusal of his PDR until June 15, 1999, he waited until June 1, 2000, to file a state habeas application, and he waited three additional months following the denial of his state habeas application to submit a 28 U.S.C. § 2254 petition. In addition, Gutierrez's situation did not accompany a change in the law.

Equitable tolling is for parties who proceed with "diligence and alacrity." Phillips, 216 F.3d at 511; see Fisher, 174 F.3d at 715-16. Gutierrez's self-imposed delays in filing a state

habeas application and a 28 U.S.C. § 2254 petition occurred after he had learned of the delay caused by counsel.  Gutierrez did not act with "diligence and alacrity."  Phillips, 216 F.3d at 511.  The judgment of the district court is AFFIRMED.