IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11293
Summary Calendar
_____

GARY HAMPTON,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1726-A
--------------------
September 24, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gary Hampton ("Hampton"), Texas state prisoner #776384, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his conviction for possession of methamphetamine as time-barred. Hampton argues that the statute of limitations period should be equitably tolled because due to a malfunction of the prison's postage scale, his state habeas application was returned for insufficient postage.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a district court's decision whether to apply equitable tolling for abuse of discretion. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The limitations period may be equitably tolled, but only in "rare and exceptional circumstances." See Felder v. Johnson, 204 F.3d 168, 170-171 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). When determining whether the statute of limitations period should be equitably tolled the prisoner carries the burden of proof. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), *modified by* Phillips v. Donnelly, 223 F.3d 797 (5th Cir. 2000). Hampton has failed to establish that he is entitled to equitable tolling because Hampton has not shown that his state habeas application was returned on January 13, 2000, for insufficient postage or that he re-mailed the application on January 14, 2000, which would support his contention that he re-mailed his state habeas application prior to the expiration of the limitations period.

Accordingly, the district court's dismissal of Hampton's 28 U.S.C. § 2254 petition is AFFIRMED.

Hampton's motion to supplement the record on appeal is DENIED.