**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 15, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 03-20613
Summary Calendar

_____

TROY RICHARDSON,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. H-02-CV-1404

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Petitioner Troy Richardson ("Richardson"), Texas Prisoner # 78534, was convicted by a jury

in Texas state court of aggravated robbery, and sentenced to 35 years in prison. He filed a habeas

petition under 28 U.S.C. § 2254 in the Southern District of Texas. The district court dismissed it as

_____

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

untimely.[1]  Richardson now moves for a Certificate of Appealability ("COA").

Richardson argues that: (1) the one-year limitations period for filing his 28 U.S.C. § 2254 petition should have been tolled from the time that he deposited each of his two state habeas applications into the prison mailing system because the federal prison mailbox rule applies to his state habeas filings; and (2) he is entitled to equitable tolling of the one-year statute of limitations period for the days between the dismissal or denial of his state habeas applications and his actual receipt of notice of those rulings.

To obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2) (2000).  When a district court has dismissed a habeas petition on procedural grounds without reaching the merits of the petitioner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Richardson has not shown that it is debatable whether the district court's determination was correct.  First, the prison mailbox rule does not apply to the filing date of a state habeas application. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  Second, the state's delays of ten and thirteen days in transmitting the notices of the court's actions on Richardson's state habeas applications were not sufficiently "rare and exceptional" such that equitable tolling is justified. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that a four-month delay is

---

[1] Richardson's petition was untimely by four days.

exceptional); *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (concluding that a delay of "several months" is exceptional).

Accordingly, Richardson's motion for COA is DENIED.