United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30171
Conference Calendar

_____

HAROLD JOE BLACK,

Plaintiff-Appellant,

versus

FORT WADE CORRECTIONAL CENTER; WARDEN BATSON;
CAPTAIN SAVAGE; SERGEANT COATES,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CV-1125
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Harold Joe Black, Louisiana prisoner # 111111, moves to proceed in forma pauperis (IFP) to appeal the 28 U.S.C. § 1915(e)(2)(B)(i) dismissal as frivolous of his time-barred civil rights complaint. Black contends that his civil rights complaint is not time-barred because (1) the one-year limitations period was tolled during the pendency of his administrative and judicial review and (2) he is entitled to equitable tolling because he did not receive notification of the Louisiana Supreme

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court's August 20, 2004, denial of his writ application until June 2005.

By moving for IFP, Black is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Black, however, has not shown that the district court's time-bar determination presents a nonfrivolous issue, and he is not entitled to equitable tolling because he has not shown that he diligently pursued his legal rights.  Cf. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000).  In light of the foregoing, Black's appeal is without arguable merit and is dismissed.  Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Black received a third strike for our dismissal of Black v. Wade Corr. Ctr., No. 02-30625 (5th Cir. Feb. 19, 2003) (unpublished).  He is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP STATUS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.