# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-40161

Hudle Lee Hardy

Petitioner-Appellant

v.

Nathaniel Quarterman, Director, Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:

This is a federal habeas corpus appeal brought by petitioner-appellant, Hudle Lee Hardy (Hardy), a Texas inmate, under 28 U.S.C. § 2254. Hardy filed a petition for writ of habeas corpus on January 2, 2008 with the United States District Court for the Eastern District of Texas. On January 29, 2008, the district court denied Hardy's petition as time-barred pursuant to section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Hardy timely filed a Notice of Appeal on February 7, 2008. For the following reasons, we REVERSE and REMAND.

1

# I. FACTS AND PROCEEDINGS BELOW

Hardy, Texas prisoner # 1299916, was convicted of sexual assault in the 188th District Court of Gregg County, Texas. The jury, finding his enhancement allegations true, imposed a mandatory life sentence pursuant to Texas Penal Code § 12.42(c)(2)(B)(v). The intermediate court of appeals affirmed his conviction on February 22, 2006. The Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review on May 24, 2006. He did not file a petition for certiorari to the United States Supreme Court; therefore, his conviction became final on August 22, 2006.

Generally, a state prisoner must file a section 2254 habeas corpus petition within one year of the date that his judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This limitations period is tolled, however, during the time in which a properly filed application for state habeas relief or other collateral review is pending. *Id.* § 2244(d)(2); *see also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

On October 18, 2006, Hardy filed a state habeas petition challenging his conviction with the state convicting court. The state convicting court directed the petition to the TCCA and recommended its denial. On January 10, 2007, the TCCA denied Hardy's habeas petition. Thus, the AEDPA statute of limitations was tolled for eighty-four days while Hardy's state writ application was pending, making his federal petition for habeas corpus due on November 14, 2007. *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2).

However, Hardy did not file his federal habeas petition until December 31, 2007, forty-seven days after the statute of limitations had run. That same day, Hardy filed in the court below a motion for an extension of time for filing his petition, arguing that the limitations period should be equitably tolled because

2

he did not receive notice of his petition's denial until December 24, 2007. Hardy provided prison mail logs kept by the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID) as evidence that he had inquired about the status of his petition on at least three occasions. The prison mail logs reflect that Hardy contacted the Gregg County District Court clerk on September 17, 2007, and that he contacted the TCCA clerk on November 13, 2007 and on December 10, 2007. The mail logs also reflect that Hardy was first notified of the denial of his state habeas application on December 24, 2007. The government does not dispute the accuracy of the prison mail logs or that Hardy was first notified on December 24, 2007.

The district court referred Hardy's federal habeas petition to a magistrate judge, who issued a report and recommendation that Hardy's section 2254 petition be dismissed as untimely and that Hardy had not shown rare and exceptional circumstances to warrant equitable tolling of the limitations period. The magistrate judge determined that the limitations period should not be equitably tolled because Hardy did not inquire about the status of his application until the fall of 2007 and, therefore, he did not act diligently in pursuing habeas relief.

Hardy did not dispute that his federal habeas petition was untimely under the provisions of 28 U.S.C. § 2244(d). Instead, he filed objections to the magistrate judge's report, arguing that he was entitled to equitable tolling of the limitations period for the following reasons: (1) the state failed to notify him of his petition's denial until December 24, 2007 (nearly a year after the TCCA's November 14, 2007 decision was rendered), (2) he made multiple inquiries to ascertain the status of his case, and (3) he filed his section 2254 petition only seven days after the TCCA finally did notify him of its decision. Unconvinced, the district court adopted the magistrate judge's report, dismissed Hardy's

3

petition as time-barred, and refused to issue a Certificate of Appealability (COA).

Hardy filed a notice of appeal to this court. We granted a COA on the issue of whether Hardy's inquiries were sufficient to establish that he diligently pursued habeas relief and was thus entitled to equitable tolling of the limitations period.

## II. DISCUSSION

A district court's refusal to invoke equitable tolling is reviewed for abuse of discretion. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

The TCCA is (and was at all times material hereto) legally obligated to notify a petitioner once a decision has been rendered on his habeas petition. *See* TEX. R. APP. P. 77.4(a). Long delays in receiving notice of state court action may warrant equitable tolling. *See Phillips*, 216 F.3d at 511. To warrant tolling under such circumstances, a petitioner must show that he "pursued the [habeas corpus relief] process with diligence and alacrity" both before and after receiving notification. *Phillips*, 216 F.3d at 511 (requiring that a petitioner show diligence

4

upon notification); *see Lewis v. Cockrell*, 275 F.3d 46, 2001 WL 1267701 (5th Cir. Oct. 15, 2001) (explaining that a court should consider whether a petitioner acted diligently both before and after receiving notification).

The respondent does not dispute that Hardy, a confined prisoner, was first notified of the TCCA's denial on December 24, 2007, nearly a year after the TCCA rendered its decision; thus, it is uncontested that Hardy suffered a substantial state-created delay. The respondent asserts, however, that Hardy did not diligently pursue habeas relief (and is thus not entitled to equitable tolling) because he did not inquire about the status of his petition until the fall of 2007.

This court has previously addressed the timeliness of a petitioner's inquiry in two unpublished cases, *Lewis v. Cockrell* and *Coker v. Quarterman*, 270 Fed. App'x 305, 310 (5th Cir. Mar. 17, 2008). In *Lewis*, a petitioner waited nearly two and a half years to inquire as to the status of his state habeas application. 2001 WL 1267701 at *3. Due to this extreme delay, we held that the petitioner failed to diligently pursue his rights and was not entitled to equitable tolling. *Id.* In contrast, we considered the petitioner in *Coker* to have acted diligently when he waited only eight months to inquire as to the status of his case, and, after having heard nothing, sent a second inquiry a year later. 270 Fed. App'x at 310.

Hardy waited less than a year after filing his petition to inquire about the status of his case—as evidenced by the entry in the prison mail logs indicating that Hardy contacted the state convicting court's clerk on September 17, 2007. This eleven-month wait is much more analogous to the eight months the petitioner in *Coker* allowed to elapse than the two and a half-year wait in *Lewis*. Further, the timing of Hardy's inquiry is not significantly different from time periods found to be reasonable by other circuits. *See e.g., Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008), *cert. denied*, 129 S.Ct. 168 (2008), (finding that a

5

petitioner's nine-month wait to inquire established diligence); *Miller v. Collins*, 305 F.3d 491, 495–96 (6th Cir. 2002) (same). Thus, we conclude that Hardy's inquiry was timely, given his prisoner and pro se status and the fact that the TCCA had the legal duty to notify him. Respondent has not suggested – and nothing in the record suggests – that the TCCA's failure to promptly notify Hardy was in any way or to any extent attributable to fault or omission on Hardy's part.

The respondent argues, however, that Hardy was not diligent in contacting the TCCA directly. We find this argument unconvincing. Hardy's state habeas petition was originally filed with the state convicting court, consistent with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 73.2. Though the state convicting court does not have jurisdiction to decide Hardy's state habeas petition, it is reasonable to assume that the court where his petition was properly filed would be notified of the TCCA's ultimate decision. *See* TEX. R. APP. P. 77.4(c) (TCCA to notify trial court of order). Accordingly, Hardy acted reasonably in initially contacting the state convicting court.

Further, Hardy directly contacted the TCCA on November 13, 2007, less than two months after the state convicting court failed to respond to his initial inquiry. And, after receiving no response, Hardy again contacted the TCCA on December 10, 2007. Finally, on December 24, 2007, the TCCA notified Hardy that his state habeas petition had been denied on January 10, 2007. Hardy filed his federal habeas petition only seven days later, on December 31, 2007. The government does not dispute that Hardy's inquiries to the state convicting court and the TCCA pertained to the status of his state habeas petition, it does not dispute the accuracy of the prison mail logs, and it does not allege that Hardy was notified prior to December 24, 2007.

Therefore, we find that Hardy diligently pursued federal habeas relief.

6

Hardy suffered a significant state-created delay when the TCCA failed in its legal duty to inform him that his petition had been denied. He timely inquired to the state convicting court, and after receiving no response, persistently inquired to the TCCA. Finally, Hardy filed his federal habeas petition only seven days after obtaining notice that the TCCA denied his petition. Given these facts, Hardy acted diligently and is entitled to equitable tolling of the statute of limitations.

## III. CONCLUSION

This court finds that Hardy's inquiries were not too late to evidence Hardy's diligence in pursuing his rights. Thus, Hardy is entitled to equitable tolling of the limitations period, and the district court's decision is REVERSED and REMANDED for further proceedings not inconsistent herewith.