**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 07-11152
Summary Calendar

STEVEN RAY NELSON,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1562

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Steven Ray Nelson, Texas prisoner # 1130776, was convicted by a jury of aggravated assault on a public officer. The district court dismissed as untimely Nelson's 28 U.S.C. § 2254 petition challenging this conviction. On appeal, Nelson asserts that he is entitled to equitable tolling because the Texas Court of Criminal Appeals did not promptly advise him of the dismissal as premature of his first state postconviction application challenging this conviction, although

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court advised Nelson of the dismissals of two other cases. Additionally, the Texas Court of Criminal Appeals incorrectly informed Nelson that the application was still pending when Nelson first asked about the case's status. The district court determined that Nelson was not prevented by the misinformation from filing a second application and that he was not entitled to equitable tolling.

The respondent, who did not appear before the district court, has submitted the state records and prison mail logs in conjunction with its contention that Nelson's federal petition was properly dismissed. A review of the incoming mail logs reflects that the Texas Court of Criminal Appeals sent Nelson three pieces of mail which were received on January 14, 2005, two days after the dismissal of Nelson's three postconviction applications. If these three documents constituted the three dismissals, and if Nelson received the pertinent dismissal in 2005, his 14-month delay in filing a second postconviction application challenging that conviction would not constitute sufficient diligence to warrant equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999) (no equitable tolling when prisoner waited six months after receiving notice of the denial of state relief before filing a federal petition). If, however, facts are found showing that Nelson did not receive the notice, the equitable tolling question remains pertinent. The district court is in a better position to obtain affidavits from Nelson and from the prison mail authorities, if necessary, to determine the contents of the three pieces of mail Nelson purportedly received on January 14, 2005, and whether Nelson in fact received all of those documents.

Moreover, since the district court's ruling in this case, this court has issued a published opinion addressing the degree of diligence that a prisoner must show in seeking information about the resolution of a state application. *See Hardy v. Quarterman*, 577 F.3d 596, 598-99 (5th Cir. 2009). In the event that the district court determines that Nelson did not receive notice of the state court's denial in January 2005, the court may consider whether Nelson's actions in requesting

information from the Texas Court of Criminal Appeals about the resolution of the postconviction application within two weeks of receiving the dismissals in the other two cases, then following up one year later after the Texas Court of Criminal Appeals provided incorrect information about the case's status, constitute sufficient diligence in light of *Hardy* and the cases cited therein. Consequently, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings in conformity with this opinion.