REVISED April 13, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2010

Lyle W. Cayce
Clerk

No. 07-20198

EUGENE STROMAN

Petitioner-Appellant

V.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before GARWOOD, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:

Petitioner Stroman appeals the district court's dismissal, under 28 U.S.C. 2244(d), of his section 2254 petition challenging his 2001 Texas conviction and sixty year sentence (pursuant to the Texas habitual offender statute) for possession of cocaine.[1]

---

[1] A judge of this court granted Stroman's application for a certificate of appealability as to whether Stroman was entitled to equitable tolling of the § 2244(d) limitations period "due to the delay he experienced in receiving notice of the denial of his state application for habeas relief."

On Stroman's direct appeal of his conviction and sentence, the Texas Court of Appeals affirmed, Stroman v. State, 69 S.W.3d 325 (Tex. App.–Texarkana, 2002), and thereafter, on May 22, 2002, the Texas Court of Criminal Appeals denied his petition for discretionary review. Stroman never filed a petition for certiorari with the United States Supreme Court, and the time for doing so expired, and his conviction thus became final on direct review, on August 20, 2002. Accordingly, the one year limitations period for filing a federal habeas challenge to his state conviction as provided for in 28 U.S.C. § 2244(d)(1) would expire on August 20, 2003, subject to exclusion under section 2244(d)(2) of "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending . . . ." On March 24, 2003 Stroman filed his state habeas petition in the state trial court. At that time some 215 days of the 365 day limitations period had expired, and some 150 days remained. On October 29, 2004, the Texas Court of Criminal Appeals denied Stroman's state habeas petition. Accordingly, Stroman had until March 28, 2005 to file his federal habeas challenging his referenced state conviction. Stroman filed the instant federal habeas on October 20, 2005, nearly seven months late.

In his section 2254 petition Stroman alleged, inter alia, that he did not receive notice of the denial of his state habeas petition until September 2005. The district court ordered him to file a more definite statement regarding his receipt of notice of denial and, subsequently, to file a further pleading addressing whether he was entitled to equitable tolling.

The respondent thereafter moved for summary judgment on the ground, inter alia, that the petition was barred by the one year statute of limitations and that Stroman was not entitled to equitable tolling. The summary judgment evidence showed that in January 2004 Stroman had inquired of the Court of Criminal Appeals of the status of his habeas case and had been informed in February 2004 that it was still pending. He did not inquire again until August

2005, some eighteen months later. He received notice of the denial of his state writ on September 2, 2005, and filed his federal habeas petition on October 20, 2005, some forty-eight days later.

The district court granted the respondent's motion for summary judgment, holding that the petition was barred by the one year statute of limitations and that Stroman was not entitled to equitable tolling. The court noted that Stroman had waited nearly seven months after his state conviction had become final on direct appeal before filing his state habeas, and he knew that he would only have some five months after any denial thereof within which to file for federal habeas relief. Yet, after being informed in response to his first inquiry, some ten months after its filing, that the state petition was still pending, he waited an additional eighteen months before making his second inquiry. After hearing that the writ had been denied in October 2004, he waited another seven weeks before filing his federal habeas petition. The federal district court concluded that Stroman had not shown the due diligence required for equitable tolling. We affirm.

As we recently said in Hardy v. Quaterman, 577 F.3d 596, 598 (5th Cir. 2009):

> "A district court's refusal to invoke equitable tolling is reviewed for abuse of discretion. [citation] The one-year federal limitations period is subject to equitable tolling only 'in rare and exception circumstances.' [citations] 'A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify.' [citation] "'[E]quity is not intended for those who sleep on their rights.'" [citation] The petitioner bears the burden of establishing that equitable tolling is warranted. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (5th Cir. 2000).
>
> The TCCA is (and was at all times material hereto) legally obligated to notify a petitioner once a decision has been rendered on his habeas petition. See TEX. R. APP. P. 77.4(a). Long delays in receiving notice of state court action may warrant equitable tolling.

> To warrant tolling under such circumstances, a petitioner must show that he 'pursued the [habeas corpus relief] process with diligence and alacrity' both before and after receiving notification." (citations omitted).

In Hardy, we recognized our holdings in two similar cases, Lewis v. Cockrell, 275 F.3d 46, 2001 WL 1267701 (5th Cir. Oct. 15, 2001) (unpublished), and Coker v. Quarterman, 2008 WL 724042 (5th Cir. March 17, 2008) (unpublished). Both of those also involved petitioners who had received delayed notice of the denial of their state habeas petitions after the federal statute of limitations had expired. In Coker, we held that a one-year delay between the petitioner's first and second inquiry with the Court of Criminal Appeals about his state habeas petition was sufficiently diligent to allow for equitable tolling of the federal deadline. But in Lewis, we held that a two-and-a-half-year delay before inquiring about a state habeas application constituted a lack of diligence precluding equitable tolling.

While in Hardy we held an eleven month delay in inquiry of the Court of Criminal Appeals, which had been preceded by a two month earlier unsuccessful inquiry of the state convicting court, did not preclude equitable tolling, here the facts are sufficiently more adverse to the petitioner so that Hardy does not justify a holding that the district court in the present case abused its discretion in denying equitable tolling. The delay here between Stroman's first and second inquiries to the Court of Criminal Appeals was twice as long as that of the original inquiry in Hardy and more than half again as long as the second Hardy inquiry. Moreover, in Hardy the state habeas was filed within three months of the conviction becoming final and when the state habeas was filed there remained some ten months of the one year period of section 2244(d)(1). Here, by contrast, the state habeas was not filed until nearly seven months after the conviction became final and at a time when there remained only five months of the section 2244(d)(1) one year period. See also Lacava v. Kyler, 398 F.3d 271,

4

277 (3d Cir. 2005) (twenty-one month delay in making inquiry does not constitute requisite due diligence).

Stroman also contends, for the first time on this appeal, that the Court of Criminal Appeals, in response to his January 2004 inquiry, told him not to make any further such inquiries. This allegation was not made in the district court, and nothing in the record before the district court supports it. We accordingly do not consider this contention. See Vernardo v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

The judgment of the district court is

AFFIRMED.