# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2010

No. 08-40666

Lyle W. Cayce
Clerk

GLENN EARL WILLIAMS,

Petitioner – Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent – Appellee

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:06-cv-00230

Before KING, GARWOOD and DAVIS, Circuit Judges.

PER CURIAM:[*]

Glen Williams was convicted of sexual assault in Texas state court on
October 17, 2001 and is currently serving a 99-year sentence. Following denial
of his state petition for habeas corpus relief, Williams filed a petition seeking
habeas corpus relief in federal court, which the district court denied on the basis
that the petition was untimely. We granted a certificate of appealability on the
single issue of whether Williams's federal habeas petition was timely filed. For

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 08-40666

the reasons stated below, we vacate the district court's dismissal and remand for consideration of the merits.

## I.  FACTUAL BACKGROUND

Glen Earl Williams[1] was convicted of sexual assault in Texas state court on October 17, 2001, and sentenced to 99 years in prison.  Williams's conviction was affirmed on direct appeal on April 16, 2003.  He did not file a petition for discretionary review in state court.

On March 11, 2004, Williams filed a state application for habeas corpus relief with the Texas Court of Criminal Appeals (TCCA).  The TCCA denied his application on December 15, 2004 without a hearing or written order.  According to TCCA policy, the clerk of the TCCA was supposed to send Williams a postcard, called a "white card," advising him that his application had been denied.  Williams alleges he never received a white card.

In December 2004, Williams began soliciting information from the TCCA regarding the progress of his case.  On December 17, 2004, two days after it had denied his application, the TCCA advised Williams that his application was still pending.  On August 15, 2005, Williams again wrote to the TCCA asking about the status of his application, and on August 23, 2005, the TCCA again advised that the application was still pending.  On December 11, 2005, Williams sent his third request for the status of his application, and on December 19, 2005, the TCCA again, incorrectly, advised Williams that his application was still pending.

On March 8, 2006, Williams sent his fourth request for a status update.  The TCCA responded on March 16, 2006, and told Williams that his application had been denied on December 15, 2004, fifteen months earlier.  Prison mail records reflect that Williams did not receive this letter until March 30, 2006.  Because the letter was inconsistent with the TCCA's prior correspondence,

---

[1] The district court's docket and judgment in this case reflect that the petitioner's name is Glenn Earl Williams, but it appears from the record that his name is Glen Earl Williams.

2

Williams wrote to the TCCA on April 3, 2006, asking it to clarify the status of his case. On April 11, 2006, the TCCA responded to Williams, confirming that his application had, in fact, been denied on December 15, 2004, and apologizing "for any inconvenience the incorrect status letters sent to you may have caused."

Williams received the TCCA's April 11, 2006 letter on April 14, 2006. He immediately began preparing his federal habeas corpus petition, and on May 1, 2006, he sent a letter to the district court asking for permission to file his federal petition "out of time." The district court responded on May 10, 2006, that it could not hear a request unless it was filed in a pending case. Williams filed his federal habeas petition on May 15, 2006.

The case was referred to a magistrate judge, who initially recommended that the case be dismissed as time-barred. After Williams objected, asserting that the statute of limitations should be either statutorily or equitably tolled, the magistrate judge withdrew her report and asked the state to respond. Following filings from the state and Williams, the magistrate judge again recommended that Williams's petition be dismissed as untimely. The magistrate judge did not specifically find that Williams had, in fact, received the "white card" from the TCCA in December 2004. Instead, she relied on prison mail records indicating that Williams had received correspondence from the TCCA on December 23, 2004, and the TCCA clerk's affidavit stating that the white card had been mailed on December 15, 2004.

The magistrate judge found that Williams was not entitled to equitable tolling of the statute of limitations because he had not been diligent in pursuing his rights. The magistrate judge came to this conclusion because Williams had waited 300 days after his conviction became final before he filed his state habeas application, and "nothing prevented Williams from filing his federal writ without having received notice of the denial of his state writ." The district court adopted

No. 08-40666

the magistrate judge's report and recommendations and dismissed Williams's petition.[2]

After the district court denied Williams a certificate of appealability (COA), we granted a COA to address whether Williams is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B) or equitable tolling of the limitations period.

## II.  DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal petition for a writ of habeas corpus must be filed within one year of the date on which a prisoner's conviction becomes final.  28 U.S.C. § 2244(d)(1)(A). The one-year time limitation is tolled, however, during the time that a properly filed application for state habeas corpus relief is pending.  28 U.S.C. § 2244(d)(2).

Williams's conviction became final on May 16, 2003, at the expiration of the thirty-day period during which he could have filed a petition for discretionary review.  *See* TEX. R. APP. P. 68.2.  When Williams filed his state habeas petition, thereby tolling the limitations period, 300 days had passed on the AEDPA one-year statute of limitations.

Neither party disputes that Williams's state habeas application ceased to "pend" on December 15, 2004, when the TCCA denied his application.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 n.3 (5th Cir. 2000).  Therefore, as of that date Williams had 65 days remaining to file his federal habeas petition. Williams did not file his petition until May 15, 2006.  Absent any further tolling, Williams's petition is barred by the AEDPA statute of limitations.

Williams contends that the district court erred in refusing to toll the statute of limitations because the TCCA's misleading correspondence regarding his state habeas application amounted to an "impediment to filing an

---

[2] Because the district court adopted the magistrate judge's report and recommendations in full, our future references will be to the district court.

4

application" under § 2244(d)(1)(B).  Alternatively, he argues that he is entitled to equitable tolling of the statute of limitations.  We review *de novo* the district court's dismissal of a habeas petition on procedural grounds, but we review the district court's denial of equitable tolling for abuse of discretion.  *Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002).

## A.  Statutory Tolling

The AEDPA limitations period is tolled if the petitioner faces an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States."  28 U.S.C. § 2244(d)(1)(B).  Williams argues that the TCCA's repeated affirmations that his application was still pending resulted in a state-created impediment that prevented him from filing his federal habeas petition, and, therefore, the statute should have been tolled until the TCCA correctly confirmed that his state application had been denied.

In *Critchley v. Thaler*, 586 F.3d 318 (5th Cir. 2009), we recognized "the interrelationship between the filing of federal and state habeas petitions."  *Id.* at 320.  In that case, we applied statutory tolling under § 2244(d)(1)(B) where the state had effectively prevented the petitioner from filing his federal habeas petition by failing to file his state habeas application even though the petitioner had sent his application to the clerk for filing.  *Id.* at 321.  While the petitioner could have taken his claims to federal court at any time, federal law required him to exhaust his claims in state court.  *Id.* at 320.  Our holding in *Critchley* demonstrates a  state-created impediment to filing a state habeas application may also amount to an impediment to filing a federal habeas petition under § 2244(d)(1)(B).  But in this case, the state did not prevent Williams from *filing* his claims, the state failed to *notify* Williams that his claims had been exhausted.

We are reluctant to consider whether a mistake on the part of a clerk at the TCCA in misinforming Williams can amount to a violation of constitutional

or federal law for the purposes of § 2244(d)(1)(B).  It is also unclear whether the state's alleged violation—failure to provide accurate notice—is a violation of constitutional or federal law under § 2244(d)(1)(B).  In any event, we need not decide whether the state action in this case prevented Williams from filing his federal petition because we conclude that Williams is entitled to equitable tolling of the AEDPA statute of limitations.  *See United States v. Lipscomb*, 299 F.3d 303, 359 (5th Cir. 2002) ("It is a well-established canon of construction that federal courts avoid addressing constitutional questions when possible.").

**B.  Equitable Tolling**

The Supreme Court recently confirmed that the AEDPA statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511.

*1.    Diligence*

Williams must first demonstrate that he exercised diligence in pursuing his federal rights.  *Holland*, 130 S. Ct. at 2562; *Mathis*, 616 F.3d at 474.  "The diligence required for equitable tolling purposes, however, is 'reasonable diligence, not maximum feasible diligence.'" *Mathis*, 616 F.3d at 474 (quoting *Holland*, 130 S. Ct. at 2565).

To determine whether Williams exercised reasonable diligence in pursuing his claims, we begin with a consideration of whether Williams did, in fact,

receive notice of the TCCA's denial of his writ in December 2004. The district court did not specifically find that Williams received the white card purportedly sent by the TCCA in December 2004, but it "call[ed] into question Williams' April 3, 2006, alleged date of notice."[3]

The state maintains that the TCCA sent, and Williams received, a white card informing him of the TCCA's denial of his state habeas application in December 2004. We disagree with this interpretation of the facts. According to the prison mail logs, Williams received only one piece of mail from the TCCA that month, on December 22, 2004, which was delivered to Williams on December 23, 2004. The state argues that this mail log entry related to the white card. However, the TCCA sent a separate letter dated December 17, 2004, which Williams marked as being received on December 23, 2004. The state does not explain how the letter and the white card could produce only one entry in the mail log; it simply notes that the prison mail logs do not reflect the content or nature of the mail. Given that Williams received a piece of mail, which was not the white card, corresponding to the December 22, 2004 entry in the mail log, it strains credulity to find that this entry related to the white card.

In support of its assertion that Williams received a white card in December 2004, the state offered an affidavit from the current clerk of the TCCA stating that a white card had been sent to Williams in December 2004, when she was not the clerk.[4] To apply equitable tolling, however, we need only find that

---

[3] Williams claims that he did not receive the TCCA's March 16, 2006 letter until April 3, 2006. The prison mail log confirms that Williams received a piece of mail from the TCCA on March 29, 2006, which was delivered to him on March 30, 2006. Williams did not receive another piece of mail from the TCCA until April 14, 2006. We find that the TCCA's March 16, 2006 letter was likely delivered to Williams on March 30, 2006, and we will proceed on that basis. Whether Williams received the letter on March 30 or April 3 is not dispositive.

[4] The TCCA also produced a "copy" of the white card it supposedly sent to Williams. Though dated December 15, 2004, the "copy" bears the name of the TCCA clerk in 2006, not the clerk in 2004. As Williams notes, this "copy" is likely a "regenerated" card—it could not have been generated in 2004 because it bears the wrong name for the TCCA clerk.

No. 08-40666

Williams did not receive a white card, regardless of whether the TCCA actually sent one. Further, Williams's repeated requests for information regarding his case between December 2004 and March 2006 belie the notion that Williams in fact received notice that the TCCA had denied his petition on December 15, 2004.

In light of the above evidence, we accept as true Williams's contention, made under oath, that he did not receive notice of the TCCA's denial of his state habeas application—and thus notice that the AEDPA statute of limitations had ceased to toll—until he received the TCCA's letter dated March 15, 2006, which he received, at the earliest, on March 30, 2006.[5] To accept the state's argument to the contrary would be against the great weight of the evidence.

To be entitled to equitable tolling, a petitioner must demonstrate that he "pursued the habeas corpus relief process with diligence and alacrity both before and after receiving notification" that his state application was denied. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (internal quotation and alteration omitted). In previous cases considering the diligence of prisoners who received delayed notice of the denial of their state habeas applications, we have emphasized that petitioners must be diligent in obtaining the status of their state habeas applications so that they may properly ascertain when the AEDPA statute ceased to toll. *Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010); *Hardy*, 577 F.3d at 599–600. In *Hardy,* we held that the petitioner was entitled to equitable tolling because he had sent three separate inquiries regarding the status of his state petition, beginning eleven months after he filed the petition.

---

[5] In other cases we have remanded to the district court for an evidentiary hearing to determine when exactly the petitioner received notice of the denial of his state habeas application. *See Phillips*, 216 F.3d at 511. We decline to do so here because an evidentiary hearing would likely reveal no additional information and would waste judicial time and resources. *See Coker v. Quarterman*, 270 F. App'x 305, 309 (5th Cir. 2008) (declining to remand for an evidentiary hearing where the record was clear as to when the petitioner received notice of the denial of his state habeas application).

577 F.3d at 599–600. But, in *Stroman*, we held that the petitioner was not entitled to equitable tolling because he had waited eighteen months to inquire regarding the status of his state petition. 603 F.3d at 302.

Though we are guided by this precedent, we are mindful of the dangers of creating a rule regarding the specific timeframe in which a petitioner must inquire regarding the status of his state habeas application in order to demonstrate diligence. Rather, the circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling. *See Fisher v. Johnson*, 174 F.3d at 713 ("[E]quitable tolling does not lend itself to bright-line rules."); *Holland*, 130 S. Ct. at 2563 (noting "equity's resistance to rigid rules").

The circumstances of the present case demonstrate that Williams acted diligently in pursuing his rights. Williams filed his state habeas petition on March 11, 2004. He first inquired about the status of his application nine months after filing, in December 2004. Having been informed that the application was still pending, Williams waited another eight months, until August 2005, before inquiring again. After again being informed that his application was still pending, he waited five months to inquire a third time, in December 2005. The TCCA again informed him that his application was still pending. Williams waited just three more months, until March 2006, to send his fourth inquiry, to which the TCCA finally responded that his application had been denied fifteen months earlier. Not only did Williams wait less time between his inquiries than the petitioner in *Hardy* waited to make his first inquiry, but Williams also pursued the status of his application with ever-increasing vigilance to ensure he did not miss the AEDPA statute of limitations.

Williams must also demonstrate that he quickly pursued federal habeas relief after receiving delayed notice of the denial of his state habeas application. *Hardy*, 577 F.3d at 598; *see also Phillips*, 216 F.3d at 511 (finding diligence

where the petitioner filed his federal petition within three days of receiving notice of the state's denial). Here, Williams acted diligently in filing his federal habeas petition once he learned that his state application had been denied. Within a week of receiving the TCCA's March 15, 2004 letter informing him that his application had been denied, Williams sent a follow-up letter to the TCCA to clarify. He received the TCCA's April 11 response on April 14, 2006. Just two weeks later, on May 1, 2006, Williams filed a motion requesting "permission to file an out-of-time writ of habeas corpus" due to "extraordinary circumstances." On May 10, 2006, the district court notified Williams that it had rejected his filing because it was not filed in a pending case. Five days later, on May 15, 2006, Williams tendered his federal habeas petition to prison officials for mailing.[6]

The district court faulted Williams for seeking clarification from the TCCA instead of immediately proceeding to federal court. However, Williams had been notified three times, all *after* the denial of his state habeas application, that the application was still pending. His reasonable assumption that the TCCA was mistaken in its March 15, 2006 letter, rather than that the TCCA was mistaken in its three previous letters, does not demonstrate a lack of diligence. *See Holland*, 130 S. Ct. at 2565 (petitioners must act with "reasonable diligence, not maximum diligence").[7]

We conclude that Williams acted with "diligence and alacrity" in pursuing his federal habeas rights given "his prisoner and pro se status and the fact that

---

[6] Pro se prisoner pleadings are deemed filed when they are tendered to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[7] The district court and the state also faulted Williams for waiting to file his state habeas application until 300 days of the AEDPA statute of limitations had passed. We note that even if Williams had filed his state application on the day after his conviction became final, his federal petition would still be untimely because the TCCA misled him about the status of his state application for over a year.

the TCCA had the legal duty to notify him" that his state application had been denied. *Hardy*, 577 F.3d at 599.

### 2.    *Extraordinary Circumstances*

It is not enough for Williams to demonstrate that he diligently pursued his rights; he must also show that "some extraordinary circumstance stood in his way and prevented timely filing" because a "garden variety claim of excusable neglect" will not support equitable tolling.  *Holland*, 130 S Ct. at 2562, 2564 (internal quotations omitted).  Equitable tolling is available only in "rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Fierro*, 294 F.3d at 682 (internal quotation and alteration omitted).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Our delayed notice cases demonstrate that the simple fact that a petitioner did not receive notice that the AEDPA limitations period had ceased to toll may be an extraordinary circumstance that warrants equitable tolling. *Phillips*, 216 F.3d at 511; *Hardy*, 577 F.3d at 598.  In addition, equitable tolling may apply "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation omitted). Equitable tolling is also appropriate in cases where "[the] court has led the plaintiff to believe that she had done everything required of her."  *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000) (internal quotation omitted); *see also Prieto v. Quarterman*, 456 F.3d 511, 515 (5th Cir. 2006) (applying equitable tolling where petitioner relied on district court's order extending deadline to file federal habeas petition).

No. 08-40666

In the instant case, the TCCA letters were "crucially misleading." *Prieto*, 456 F.3d at 515. The TCCA, not once but on three separate occasions, represented to Williams that the AEDPA limitations period continued to be tolled by telling him that his state habeas application was still pending. Williams "relied to his detriment" on these representations, and he missed the AEDPA deadline as a result. *Patterson*, 211 F.3d at 931.

The district court found that this case did not present extraordinary circumstances because "nothing prevented Williams from filing his federal writ without having received notice of the denial of his state writ." It is true that nothing actually *prevents* a petitioner from filing his federal habeas petition before learning of the resolution of his state habeas application. But it is axiomatic that a petitioner must exhaust his claims in state court *before* bringing them to federal court. 28 U.S.C. § 2254(b)(1)(A). And AEDPA specifically provides that the statute of limitations is tolled while a state habeas petition is pending. 28 U.S.C. § 2244(d)(2). Therefore, a petitioner with notice that his claims are, in fact, still pending in state court has no reason to run to federal court and file a federal habeas petition.[8]

The district court also held that Williams's "ignorance of the law" could not serve to excuse his untimely filing, much less amount to an extraordinary circumstance. *See Fisher*, 174 F.3d at 714 ("[I]gnorance of the law, even for an

---

[8] The state asserts that Williams should have filed a "protective" petition in federal court while he awaited an answer on his state application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). In *Pace*, the Supreme Court suggested that a petitioner in doubt as to whether his state application is "properly filed" such that it will toll the statute of limitations should file a "protective" petition in federal court to avoid the running of the AEDPA limitation period. *Id.* The Court did not hold that petitioners *must* file protective petitions in order to invoke equitable tolling, and we have previously declined to hold that a protective petition is necessary. *See Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007). Further, Williams had no reason to consider filing a protective petition because he continued to receive letters from the TCCA assuring him that his case was still pending. *See Critchley*, 586 F.3d at 321 (Petitioner could not have "known to file [a protective] petition until he became aware that his state application had not been filed.").

incarcerated *pro se* petitioner, generally does not excuse prompt filing."). But Williams has not pled ignorance of the law. If anything, the record demonstrates that Williams tried to properly follow the letter of the law by waiting until he had received notice of the denial of his state habeas writ—and had thus exhausted his claims in state court—before filing his federal habeas petition. Williams has instead demonstrated his ignorance of the *facts* through no fault of his own. *See Wilson*, 442 F.3d at 875. Williams diligently pursued information regarding his state application and was thrice misinformed regarding its status.

We conclude that the circumstances presented in this case are sufficiently "rare and exceptional" and that Williams is entitled to equitable tolling of the AEDPA statute of limitations until he first received notice of the TCCA's denial of his state habeas application on March 30, 2006. As of that date, Williams had 65 days remaining on the AEDPA clock. He filed his federal petition on May 15, 2006, 46 days later. Therefore, Williams's federal habeas petition was timely filed.

## III. CONCLUSION

For the foregoing reasons, we VACATE the district court's dismissal of the petition and REMAND to the district court for further proceedings.