# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20232
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

ERNEST EUGENE O'VEAL,

 Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

 Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1550

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

 Ernest Eugene O'Veal appeals the district court's dismissal of his application for a writ of habeas corpus as untimely under 28 U.S.C. § 2244(d). We AFFIRM.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20232

## I. FACTS AND PROCEDURAL HISTORY

In 2012, O'Veal pleaded no contest to charges of committing injury to a child and waived his right to appeal. On June 14, 2012, he was sentenced to forty-five years of imprisonment. The Fourteenth Court of Appeals of Texas dismissed O'Veal's direct appeal on August 23, 2012, because he had entered a plea agreement and had no right to appeal. *O'Veal v. Texas*, No. 14-12-00567-CR, 2012 WL 3629196, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2012, no pet.). O'Veal did not seek discretionary review.

In October 2012, O'Veal wrote to the Harris County District Clerk to ask about the status of his direct appeal and the identity of his attorney. The clerk replied with a form containing the date the appeal was filed and the name of his appointed counsel. The clerk's response did not indicate O'Veal's appeal had already been dismissed. In May 2013, O'Veal contacted the Fourteenth Court of Appeals again asking about the status of his direct appeal. In its reply, the court enclosed its opinion from nine months earlier dismissing O'Veal's direct appeal. O'Veal then filed a state application for a writ of habeas corpus on or about September 3, 2013. The Texas Court of Criminal Appeals ("TCCA") denied the application on February 5, 2014.

O'Veal filed the present federal habeas application on April 9, 2014, raising claims of ineffective assistance of trial counsel. On November 3, 2014, the district court granted Respondent's motion for summary judgment and dismissed the case as barred by the statute of limitations under 28 U.S.C. § 2244(d). Several months later, O'Veal contacted the district court and stated that he did not receive notice of the court's dismissal of his case until late March 2015. Thus, the district court granted his motion to reopen the time to file an appeal, and O'Veal subsequently filed his notice of appeal. This Court granted certificates of appealability with respect to O'Veal's procedural claims on March 3, 2016.

No. 15-20232

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas applications are subject to a one-year period of limitations. 28 U.S.C. § 2244(d). In the instant case, the district court calculated the limitations period pursuant to § 2244(d)(1)(A), which provides that the limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Notably, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The one-year limitations period in § 2244(d)(1)(A) is not jurisdictional and is therefore subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

The district court gave two alternative reasons for holding that O'Veal's case had been filed after the limitations period expired. In its first calculation, the district court determined that direct review concluded when O'Veal's direct appeal was dismissed on August 23, 2012, and his conviction became final thirty days later upon the expiration of the time for filing a petition for discretionary review. After statutorily tolling the one-year limitations period to account for the pendency of the state habeas proceedings, the district court concluded that O'Veal's federal habeas application became due on February 24, 2014. Because the district court also held that equitable tolling was not appropriate in this case, it found that O'Veal's federal habeas application, which was filed on April 9, 2014, was untimely. In its alternative calculation, the district court determined that O'Veal's conviction became final for purposes of AEDPA when he was sentenced on June 14, 2012, after pleading no contest and waiving his right to appeal. Accordingly, the limitations period expired one year later on June 14, 2013, and both the state and federal habeas applications

were filed after the limitations period had run. On appeal, O'Veal contends that (1) the district court erred in concluding that equitable tolling was not warranted and (2) direct review concluded under § 2244(d)(1)(A) when the Fourteenth Court of Appeals dismissed his direct appeal on August 23, 2012.

Equitable tolling is appropriate only in "rare and exceptional circumstances." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The district court concluded that equitable tolling was not warranted in this case because O'Veal did not show (1) "that he exercised reasonable due diligence throughout the entire course of his state proceedings" or (2) "that the delay in receiving notice of the direct appeal's dismissal was an unconstitutional state-created impediment that prevented his timely filing of the instant petition." This Court reviews a district court's denial of equitable tolling for an abuse of discretion. *Mathis*, 616 F.3d at 474.

"Long delays in receiving notice of state court action may warrant equitable tolling." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *modified on reh'g*, 223 F.3d 797 (2000). In *Hardy*, this Court held that a pro se habeas petitioner "suffered a significant state-created delay when the TCCA failed in its legal duty to inform him that his petition had been denied" for eleven months after the TCCA's decision. 577 F.3d at 599. In that case, however, the habeas petitioner was proceeding pro se, and he was unable to determine the status of his case solely because the TCCA failed to notify him and failed to respond to his requests for information. *Id.* at 599–600.

4

No. 15-20232

In the instant case, the district court concluded that O'Veal's failure to timely file his federal habeas application was due at least in part to his own lack of diligence. The Harris County District Clerk responded to O'Veal's October 2012 request for information and provided the name of his attorney. The response from the clerk's office was probably inadequate and perhaps misleading given that O'Veal's appeal had already been dismissed. However, at that point, O'Veal could have tried to contact his attorney to inquire about the status of his case. O'Veal has not indicated that he made any attempts to do so. Thus, the district court did not abuse its discretion in concluding that O'Veal did not show he had diligently pursued his rights. *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) (holding that equitable tolling was not appropriate because the petitioner could have contacted his attorney to inquire about the status of his appeal).

O'Veal also notes that his attorney was required to promptly notify him of the state court's decision on his appeal under Texas Rule of Appellate Procedure 48.4. He contends that his appellate attorney failed to notify him of the decision and abandoned him during the appellate proceeding. An attorney's "failure to satisfy professional standards of care" may constitute an extraordinary circumstance that stands in a petitioner's way and prevents him from timely filing. *Holland*, 560 U.S. at 649–52. However, O'Veal has not pointed to any authority suggesting that an attorney's failure to notify a defendant of the status of his case rises to the level of an extraordinary circumstance that prevents the defendant from timely filing a federal habeas petition.

Accordingly, we hold that the district court did not abuse its discretion in denying equitable tolling in this case. Because the district court did not abuse its discretion in this regard, we need not reach the issue of whether

No. 15-20232

direct review continued for purposes of § 2244(d)(1)(A) until the Fourteenth Court of Appeals dismissed O'Veal's direct appeal on August 23, 2012.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of O'Veal's habeas application as barred by the statute of limitations.