# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30825
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2019

Lyle W. Cayce
Clerk

RICHARD L. DAVIS,

Petitioner - Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY, on behalf of State of Louisiana,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-2364

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Richard L. Davis, Louisiana prisoner # 393523 and proceeding *pro se*, contests the district court's denial of his 28 U.S.C. § 2254 application as time barred. Davis filed the application to challenge his convictions and sentences for aggravated rape (victim under age 13) and indecent behavior with juveniles. Our court granted a certificate of appealability on whether Davis'

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

delayed receipt of the state-court's notice regarding denial of his application for state postconviction relief could equitably toll the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d).

AEDPA's statute of limitations may be equitably tolled, but "only in rare and exceptional circumstances". *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (internal quotation marks and citations omitted). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights". *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). "A district court's refusal to invoke equitable tolling is reviewed for abuse of discretion." *Hardy*, 577 F.3d at 598 (citation omitted).

In order to be granted equitable tolling, petitioner must demonstrate: he pursued his rights diligently; and extraordinary circumstances prevented his timely filing his § 2254 application. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Hardy*, 577 F.3d at 598 (stating petitioner must establish he pursued habeas relief with "diligence and alacrity both before and after receiving notification" (internal quotation marks and citation omitted)). Petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

For the reasons that follow, the State's delay of ten days—from 20 to 30 June 2014—in correctly transmitting the notice of the state-court's action on Davis' application for state postconviction relief, does not constitute a "rare and

exceptional" circumstance warranting equitable tolling.  *See Hardy*, 577 F.3d at 598.

For the one-year AEDPA limitations period, Davis' convictions became final for federal habeas purposes on 10 January 2011; he filed his state habeas application 351 days later, on 27 December 2011; and the Louisiana Supreme Court's 20 June 2014 order ended the tolling effect of the state habeas application.  As a result, Davis had 14 days in which to timely file a federal habeas application; because the 14th day (4 July 2014) was a federal holiday and a Friday, the period continued to run until Monday, 7 July 2014.  According to Davis, he received the state-court order on 7 July 2014; but, he did not file his § 2254 application until 16 July 2014, rendering it untimely by nine days.

In short, Davis waited until only 14 days remained in the one-year statutory period to file his state postconviction application; and, after receiving notice his state postconviction application was denied, waited until nine days after the limitations period ran before filing his federal application.  Consequently, Davis has not shown he acted with "diligence and alacrity both before and after receiving notification".  See *Hardy*, 577 F.3d at 598; *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).  Accordingly, the district court did not abuse its discretion in denying equitable tolling.  *See Ott*, 192 F.3d at 514.

AFFIRMED.