# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20127

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2019

Lyle W. Cayce
Clerk

PEDRO ERNESTO UMANA,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1421

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Pedro Ernesto Umana was convicted of aggravated sexual assault and sentenced to fifty years imprisonment. This court previously granted a certificate of appealability (COA) under 28 U.S.C. §2254 from the district court's dismissal, as time barred, of his federal habeas petition. Specifically,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20127

COA was granted on the issue of whether Umana was entitled to equitable tolling.  Following briefing on this claim, we REVERSE and REMAND.

## FACTS AND PROCEDURAL HISTORY

Umana was convicted on February 22, 2013.  The Texas Court of Appeals affirmed Umana's conviction on appeal on August 26, 2014.  *Umana v. Texas*, 447 S.W.3d 346 (Tex. App. – Houston 2014).  On March 4, 2015, the Texas Court of Criminal Appeals (TCCA) refused Umana's petition for discretionary review.  Umana timely filed his state habeas on May 2, 2016.  The TCCA denied Umana's state writ on August 10, 2016.  However, the court failed to notify Umana of its ruling until April 26, 2017, when Umana mailed a letter of inquiry to the court clerk.  Umana then filed his federal habeas petition on May 4, 2017.  The district court dismissed that petition as time barred on February 12, 2018.  *Umana v. Davis*, No. H-17-1421, 2018 WL 840134 (S.D. Tex. Feb. 12, 2018).  On November 18, 2018, this court granted a COA on the issue of whether Umana is entitled to equitable tolling.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner must file a section 2254 habeas petition within one year of the date his judgment became final.  28 U.S.C. § 2244(d)(1)(A).  This limitations period is subject to tolling during the period in which a properly filed application for state habeas relief or other collateral review is pending.  28 U.S.C. §2244(d)(2); *see also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

We review a district court's denial of equitable tolling for an abuse of discretion.  *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).  However, a district court's denial of equitable tolling as a matter of law is reviewed de novo.  *F.D.I.C. v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993); *see also* Fisher *v. Johnson*, 174 F.3d 710, 713 n.9 (5th Cir. 1999).

No. 18-20127

## DISCUSSION

The TCCA refused discretionary review on March 4, 2015, and Umana did not seek a writ of certiorari. Thus, for purposes of the AEDPA statute of limitations, Umana's conviction became final on June 2, 2015. Absent tolling, the AEDPA limitations period expired one year later on June 2, 2016. Umana timely filed his state habeas petition on May 2, 2016, one month prior to the expiration of the AEDPA limitations period. The TCCA denied Umana's state habeas without written order on August 10, 2016. Factoring in tolling for Umana's properly filed state petition, this means that Umana's federal habeas petition had to be filed one month later on September 9, 2016. However, Umana did not file his federal habeas until May 4, 2017, which was approximately eight months after the expiration of the AEDPA limitations period.

Umana asserts that he is entitled to equitable tolling because the TCCA failed to notify him of its denial and he diligently pursued his rights. Under *Holland v. Florida*, 560 U.S. 631 (2010), the federal limitation period may be equitably tolled when a petitioner shows that he has pursued his rights diligently and that some extraordinary circumstance prevented him from timely filing. *Id*. at 649. Umana asserts that the failure of the TCCA to notify him of its denial constitutes an extraordinary circumstance. The government concedes that the TCCA failed to notify Umana.[1]

While Umana believed this state habeas was still pending, he asserts that he continued to file motions seeking an evidentiary hearing on his state petition and inquired as to the status. But the state court failed to notify him

---

[1] The government also concedes that no fact-finding occurred in the district court, but states that it has since obtained prison mail logs which verify Umana's assertions that he was not notified of the TCCA's denial until April 26, 2017.

3

of the denial.  Finally, in April of 2017, Umana again wrote to the TCCA and inquired as to the status of his state writ.  On April 26, Umana finally received a response notifying him that his state habeas petition had been denied. Umana then filed his federal habeas within about a week of that notification of denial.

The government asserts that, as the district court found, the sole fact that Umana filed his state habeas petition with one month remaining on his AEDPA limitations period establishes a lack of diligence.  However, the authorities cited by the government are easily distinguishable and do not support that proposition.  The government also ignores this court's repeated acknowledgment that "equitable tolling does not lend itself to bright-line rules."  *Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013) (*quoting Fisher*, 174 F.3d at 713).  Instead, we must consider equitable tolling on a case-by-case basis.  *Id.*; *see also Holland*, 560 U.S. at 649-50.  Moreover, we keep in consideration the definition of "equitable tolling" which states, in relevant part: "The doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until *after the limitations* period had expired, in which case the statute is suspended or tolled until the plaintiff discovers the injury."  Black's Law Dictionary (11th ed. 2019) (emphasis added).

This court previously considered a factually similar case.  *See Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009).  Hudle Lee Hardy was convicted of sexual assault in Texas and his conviction was affirmed on appeal.  *Id.* at 597. The TCCA refused Hardy's petition for discretionary review on May 24, 2006, and he did not file a petition for certiorari to the United States Supreme Court. Hardy filed a state habeas petition on October 18, 2006.  The petition was denied by the TCCA on January 10, 2007.  However, Hardy was not informed of the denial until December 24, 2007.  Like Umana, within about a week of

the notification of denial, Hardy filed his federal habeas petition. The government did not dispute that Hardy was not notified until December 24, 2007.

Hardy asserted that he was entitled to equitable tolling for the following reasons: (1) the TCCA failed to notify him of its denial for about a year; (2) he made multiple inquiries regarding the status of his case; and (3) he filed his federal petition within a week of being informed of the denial. *Id.* at 598. The district court dismissed Hardy's petition as time-barred and refused to issue a COA. This court granted a COA on whether Hardy was entitled to equitable tolling. On appeal, this court concluded that Hardy suffered a significant state-created delay when the TCCA failed to inform him of its denial. *Id.* at 599-600. Further, we concluded that Hardy diligently pursued his rights and filed his federal habeas petition within about a week after obtaining notice of the denial. Accordingly, we reversed the district court's denial of equitable tolling and remanded. *Id.* at 600.

The government attempts to distinguish *Hardy* on the basis that Hardy filed his state petition with several months remaining on his AEDPA limitations. We do not agree that *Hardy* can be sufficiently distinguished on that basis. While Umana had a shorter period of time remaining on his AEDPA limitations period, if not for the failure of the TCCA to inform him of its denial of his state petition, there would have been more than sufficient time to file his federal petition which was filed within about a week of his notification.

There is no question that Umana timely filed his state petition and that any delay in filing his state petition was not causally related to his untimely federal petition. Umana did not receive notification of the TCCA's denial of his state petition for some eight months. Thus, even if Umana had filed his state petition several months earlier, as in *Hardy*, his federal petition still would

have been untimely based on the TCCA's failure to notify him. Regardless, Umana is not seeking equitable tolling for the period prior to the filing of his state petition or prior to the expiration of his AEDPA limitations period. Umana asserts that he is entitled to equitable tolling for the period between the denial of his state petition and his notification of this denial, minus the remaining time of his AEDPA limitations period. For the reasons stated above, we agree.

## CONCLUSION

Because Umana has demonstrated that he diligently pursued his rights and that an extraordinary circumstance prevented him from timely filing, we conclude that the district court abused its discretion in finding that he was not entitled to equitable tolling. Accordingly, we REVERSE and REMAND.