# United States Court of Appeals for the Fifth Circuit

---

No. 22-30569
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2023

Lyle W. Cayce
Clerk

HARRY PRATER,

*Petitioner—Appellant*,

*versus*

TIM HOOPER, *Warden, Louisiana State Penitentiary*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-576

---

Before STEWART, DENNIS, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Harry Prater, Louisiana prisoner # 625261, appeals the denial of his 28 U.S.C. § 2254 application challenging his convictions and sentences for two counts of second degree murder. He concedes that his application was not timely filed under 28 U.S.C. § 2244(d)(1)(A) but argues that the district

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court erred by denying his request for equitable tolling. The district court granted a Certificate of Appealability.

We review the denial of equitable tolling for an abuse of discretion. *See Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks and citation omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy*, 577 F.3d at 598 (internal quotation marks, brackets, and citation omitted).

Although Prater filed his § 2254 application only 16 days after receiving his state habeas denial, his failure to file his state habeas application for almost a full year after his conviction became final for purposes of § 2244(d)(1)(A) strongly weighs against equitable tolling. *See Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). While a lengthy delay between the denial of state habeas relief and a prisoner's receipt of that denial may constitute an extraordinary circumstance that warrants equitable tolling, *see Jackson*, 933 F.3d at 411, Prater has not shown that the two-day delay qualifies in this case.

The judgment of the district court is AFFIRMED.