# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2013

No. 12-30252

Lyle W. Cayce
Clerk

PAUL T. CLARKE,

Petitioner-Appellant

v.

STEVE RADER, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana

Before STEWART, Chief Judge, BENAVIDES and HIGGINSON, Circuit Judges.

BENAVIDES, Circuit Judge:

In this case, Paul T. Clarke, Louisiana prisoner # 337576, appeals the district court's denial of his application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court denied Clarke's § 2254 petition because it was filed after the one-year limitations period of § 2244(d)(1)(A). This court granted Clarke's motion for a certificate of appealability ("COA") to decide whether Clarke is entitled to either statutory or equitable tolling of the one-year limitations period. We affirm the district court's judgment.

No. 12-30252

## FACTUAL AND PROCEDURAL HISTORY

A Louisiana jury convicted Clarke in March 2004 of five counts of armed robbery and one count of conspiracy to commit armed robbery. On June 18, 2004, Clarke was sentenced to 50 years in prison on each armed robbery count and 20 years for the conspiracy count, with the sentences to be served concurrently. On direct appeal, an intermediate state appellate court affirmed Clarke's conviction and sentence on November 9, 2005, and the Louisiana Supreme Court denied Clarke's request for supervisory review on September 1, 2006. For purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Clarke's conviction became final on November 30, 2006, which was 90 days after the Louisiana Supreme Court's denial of supervisory review. *See* 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On August 26, 2007, nearly nine months after his conviction became final, Clarke filed a pro se application for post-conviction relief ("PCR") in the state trial court, which the trial court dismissed. Clarke's first writ application seeking supervisory review, filed with the intermediate state appellate court on July 12, 2008, was denied for procedural reasons on October 14, 2008. His second application, filed on November 10, 2008, was denied on the merits on February 26, 2009. Clarke then filed a writ application with the Louisiana Supreme Court on March 20, 2009, and the Court denied the application on January 29, 2010.

It is undisputed that Clarke did not receive notification of the Louisiana Supreme Court's January 29, 2010 denial through direct communications with the Court. Instead, as his counsel stated at oral argument, Clarke contacted his counsel in February 2010 to inquire into the status of his March 20, 2009 writ application. Thereafter, Clarke's counsel visited the Louisiana Supreme Court's website, where counsel learned of the January 29, 2010 denial through an

2

No. 12-30252

on-line news release announcing recent writ denials. That same month, counsel printed and mailed Clarke a copy of the denial.[1]

On April 30, 2010, 91 days after the denial, Clarke filed a § 2254 federal habeas corpus petition alleging various constitutional violations.[2] Magistrate Judge Christine Noland recommended denying Clarke's § 2254 petition as untimely, finding that Clarke had filed his petition approximately 45 days after the AEDPA's one-year limitations period had expired. Specifically, the magistrate judge found that at least 410 un-tolled days had elapsed based on: (1) the 269 days between the time Clarke's conviction became final on November 30, 2006 and Clarke's PCR application filing on August 26, 2007; (2) at least 50 days resulting from Clarke's improper filing of his initial writ application with the intermediate state appellate court on July 12, 2008; and (3) the 91 days between the Louisiana Supreme Court's denial of Clarke's writ application on January 29, 2010 and his § 2254 filing on April 30, 2010. *See Clarke v. Rader*, No. 10-0308-JJB-CN, 2012 WL 589207, at *3, *6 (M.D. La. Jan. 20, 2012).

Clarke objected to the magistrate judge's report and recommendation, arguing that his petition was timely because he properly filed his initial writ application. Alternatively, Clarke argued that even if he had not properly filed, he was entitled to tolling of the 91 days during which the Louisiana Supreme Court did not send notice of its January 29, 2010 writ denial. The district court approved the magistrate judge's recommendation and denied Clarke's § 2254 petition on February 17, 2012. The district court also denied Clarke a COA.

---

[1] Although Clarke's counsel did not specify the exact date in February when she mailed the announcement to Clarke, prison mail logs indicate that Clarke received correspondence from counsel on February 17, 2010. R. at 914.

[2] Clarke alleged Fifth, Sixth, and Fourteenth Amendment violations arising from (1) the denial of an attorney during interrogations, (2) the denial of his motion to suppress his confession, (3) cumulative trial court errors, (4) ineffective assistance of counsel, and (5) the State's reference to a co-defendant's statement.

No. 12-30252

This court granted Clarke's motion for a COA on the following two questions: (1) whether Clarke is entitled to statutory tolling of the one-year limitations period pursuant to § 2244(d)(1)(B); and (2) whether Clarke is entitled to equitable tolling of the one-year limitations period.[3] Thus, the only issue on appeal is whether the State's failure to notify Clarke of the Louisiana Supreme Court's January 29, 2010 writ denial entitles Clarke to either statutory or equitable tolling of the 91 days between the January 29, 2010 denial and Clarke's § 2254 filing on April 30, 2010.

The timeline of events relevant to Clarke's appeal can be summarized as follows:

| | |
|---|---|
| 11/30/2006 | Clarke's state conviction becomes final |
| 08/26/2007 | PCR application filed (269 un-tolled days) |
| 07/12/2008 | Writ improperly filed with state appellate court |
| 11/10/2008 | Writ properly filed (50 un-tolled days) |
| 03/20/2009 | Writ filed with Louisiana Supreme Court |
| 01/29/2010 | Louisiana Supreme Court denies writ |
| 02/2010 | Clarke's counsel learns of denial and mails notice |
| 04/30/2010 | Clarke files § 2254 petition (91 un-tolled days) |

---

[3] At oral argument, the State claimed that Clarke waived his statutory tolling argument because it was not raised before the district court. *See BP Exploration Libya Ltd. v. Exxonmobil Libya Ltd.*, 689 F.3d 481, 493 n.9 (5th Cir. 2012). Upon close review of the record, however, it is clear that Clarke raised the argument. It is true that Clarke's initial reply to the State's answer in opposition to his § 2254 petition merely alleged that the petition was timely without invoking either statutory or equitable tolling. But later, in his reply to a supplemental response filed by the State, Clarke cited § 2244(d)(1)(B) and *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003), to support his argument that "[t]he failure of the Louisiana State Supreme Court to notify Clarke of the decision on his state habeas application is the type of 'extraordinary circumstance' that 'created an impediment' to Clarke's filing of the instant petition for habeas relief." R. at 685–86. Although presented in a section of Clarke's reply entitled "equitable tolling," this argument unmistakably relates to statutory tolling. Furthermore, Clarke included identical language in his objection to the magistrate judge's report. *Id.* at 850–51. Accordingly, because arguments relating to both statutory and equitable tolling were before the district court, we address both arguments in this opinion.

No. 12-30252

## STANDARD OF REVIEW

This court reviews de novo a district court's decision regarding statutory tolling of the AEDPA's one-year limitations period. *Manning v. Epps*, 688 F.3d 177, 182 (5th Cir. 2012). We review a district court's decision regarding equitable tolling for abuse of discretion, although any conclusions of law underlying the district court's decision are reviewed de novo. *Id.*

## ANALYSIS

### I.     Statutory Tolling

Under the AEDPA, a federal habeas petitioner must file a § 2254 habeas application within one year from the date a state court judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The commencement of this one-year limitations period is tolled, however, if an applicant is "prevented from filing" due to an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." *Id.* § 2244(d)(1)(B). In such a case, the limitations period is tolled until the state-created impediment "is removed." *Id.* A petitioner alleging a state-created impediment has the burden to show that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

In her report, the magistrate judge recommended denying Clarke's habeas petition as untimely without discussing Clarke's eligibility for statutory tolling, and the district court approved the report. Clarke claims on appeal that he is entitled to statutory tolling because the State prevented him from filing his § 2254 petition by failing to notify him of the Louisiana Supreme Court's January 29, 2010 writ denial. Specifically, Clarke asserts that (1) the State's failure to deliver notice of the January 29, 2010 denial "prevented Clarke from

filing his petition;" (2) this failure was an "action" of "either the state supreme court or the department of corrections' employees;" and (3) this action was a "constitutional violation" because "the filing of a habeas petition is directly connected to a prisoner's Constitutional right of access to the courts," and the State denied that right of access by delaying notice.  Br. of Pet'r-Appellant 11–12.

We have serious reservations about whether the State's failure to notify Clarke of the January 29, 2010 denial provides a basis for a statutory tolling claim rather than merely an equitable tolling claim. *See Critchley v. Thaler*, 586 F.3d 318, 321 n.3 (5th Cir. 2009) ("[W]hen the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation."); *see also Williams v. Thaler*, 400 F. App'x. 886, 889 (5th Cir. 2010) (observing that it is "unclear" whether a state's failure to provide notice of a writ denial "is a violation of constitutional or federal law under § 2244(d)(1)(B)"). *But see Earl v. Fabian*, 556 F.3d 717, 726–27 (8th Cir. 2009) (holding that lack of notice of finality of state conviction "could be" state-created impediment in violation of constitutional right to due process).

Yet regardless of whether a state's failure to notify a habeas petitioner of a state supreme court's writ denial could trigger statutory tolling under certain circumstances, the facts of Clarke's case do not entitle him to statutory tolling. We reach the same result even assuming that the State was singularly at fault for failing to deliver notice of the January 29, 2010 denial to Clarke.[4]  As

---

[4] For the first time on appeal, the parties dispute who is to blame for the absence of notice from the State.  To support its argument that Clarke was at fault, the State moved to supplement the record on appeal pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure with evidence relating to Clarke's transfer from the Louisiana State Penitentiary in Angola, Louisiana to the Dixon Correctional Institute in Jackson, Louisiana while his state habeas application was pending.  This court granted the State's motion, and Clarke moved for reconsideration.  Clarke also filed a separate motion to supplement the record with evidence

described above, Clarke's counsel discovered the January 29, 2010 denial in February 2010, and counsel mailed Clarke notice of the denial that same month. By the magistrate judge's calculation, if Clarke had filed his § 2254 petition in February, his petition would have been timely. Thus, Clarke has not shown that the State's failure to notify him of the January 29, 2010 denial played any role in his failure to timely file since Clarke's counsel mailed him notice within weeks of the denial and before § 2244(d)(1)(A)'s one-year limitations period expired.

In fact, even if Clarke had received notice of the denial directly from the State on January 29, 2010, there is nothing in the record suggesting that Clarke would have filed his § 2254 petition any earlier than he did. By all appearances, after his counsel mailed him notice of the denial in February, Clarke waited until April 30, 2010 to file his § 2254 petition because he believed his petition was still timely at that point, not because of any delay in notice. Indeed, the 269 un-tolled days between the time Clarke's state conviction became final in November 2006 and Clarke's PCR filing in August 2007, combined with the 91 un-tolled days between the January 29, 2010 denial and Clarke's § 2254 filing, would have amounted to only 360 un-tolled days. Thus, Clarke's petition would have been timely but for the fact that he had improperly filed his first writ application with the intermediate state appellate court on July 12, 2008. Clarke's erroneous belief that his initial writ application was properly filed may explain why Clarke did not file his § 2254 petition until approximately two months after his counsel discovered the writ denial in February 2010.

In sum, Clarke has not sustained his burden to show it was the State's failure to notify him of the January 29, 2010 denial that prevented him from

---

relating to his prison transfer. Because the State's supplemental evidence would have no impact on the disposition of this case, *see Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 379 n.11 (5th Cir. 2010), we GRANT Clarke's motion for reconsideration and DENY the State's motion to supplement the record. For the same reason, we DENY Clarke's motion to supplement the record.

timely filing his petition; instead, it was, in all probability, Clarke's mistaken assumption that he had until May 2010 to timely file. Accordingly, because he has not shown that state action prevented him from filing his § 2254 petition, we hold that Clarke is not entitled to statutory tolling.

## II.    Equitable Tolling

Even if a habeas petitioner is not eligible for statutory tolling, § 2244(d)(1)(A)'s one-year limitations period can still be equitably tolled since it is not a jurisdictional bar. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000); *see also Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner has the burden of showing "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (alteration in original) (quoting *Holland*, 130 S. Ct. at 2562) (internal quotation marks omitted); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that petitioner seeking equitable tolling bears burden of proof).

Highlighting the doctrine's limited scope, we have stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted). Because it is a discretionary doctrine, however, this court's determination of whether equitable tolling applies "turns on the facts and circumstances of a particular case." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). For the same reason, "equitable tolling does not lend itself to bright-line rules." *Id.*; *see also Holland*, 130 S. Ct. at 2562–63 (explaining need for flexibility in exercising equity power and cautioning against "hard and fast adherence to more absolute legal rules" (internal quotation marks omitted)). Nonetheless, certain sources of delay in filing do not create

No. 12-30252

"extraordinary circumstances" warranting equitable tolling. For example, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland*, 130 S. Ct. at 2564 (internal citations and quotation marks omitted). Additionally, "delays of the petitioner's own making do not qualify" for equitable tolling. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

In her report, Magistrate Judge Noland found "no compelling reason to recommend tolling," *Clarke*, 2012 WL 589207, at *7, and the district court approved the report. On appeal, Clarke argues that he is entitled to equitable tolling because (1) the State's failure to notify Clarke of the Louisiana Supreme Court's January 29, 2010 writ denial created an "exceptional circumstance," and (2) Clarke diligently pursued his rights. Br. of Pet'r-Appellant 16, 19.

Under the facts of this case, we cannot say that the district court abused its discretion in denying Clarke equitable tolling. Although this circuit has held that "[l]ong delays in receiving notice of state court action may warrant equitable tolling," *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009), the length of delay before Clarke had the opportunity to discover the Louisiana Supreme Court's writ denial was less than a month—from January 29, 2010 until mid-February 2010, when Clarke's counsel learned of the denial on-line and mailed notice to him. *Cf. Phillips*, 216 F.3d at 511 (indicating that delay of four months "could qualify for equitable tolling"). More importantly, regardless of the length of the delay in notice, there is no evidence that this delay contributed to Clarke's untimely filing of his § 2254 petition. As explained above, the untimeliness of Clarke's § 2254 petition appears to have resulted from his mistaken belief that the one-year limitations period would not expire until May 2010. There is no indication that, had Clarke received notice earlier, he would have filed his § 2254 petition before April 30, 2010.

9

No. 12-30252

Because he has failed to explain how his delay in receiving notice of the January 29, 2010 writ denial contributed in any way to his failure to timely file, Clarke has not shown an "extraordinary circumstance" that "prevented timely filing." *Mathis*, 616 F.3d at 474 (quoting *Holland*, 130 S. Ct. at 2562). Accordingly, we hold that the district court did not abuse its discretion in denying Clarke equitable tolling, and we need not reach the question of whether Clarke diligently pursued his habeas corpus rights.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.