# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2022

Lyle W. Cayce
Clerk

No. 19-30523

Samuel L. Williams,

*Petitioner—Appellant*,

*versus*

Tim Hooper, *Warden*, Louisiana State Penitentiary,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-13281

Before King, Jones, and Duncan, *Circuit Judges*.

Per Curiam:*

A jury convicted Samuel Williams of the aggravated rape of his girlfriend's 11-year-old granddaughter in August 2011. His conviction was affirmed on direct appeal, *see State v. Williams*, 2013-1141 (La. 11/22/13); 126 So. 3d 477, and became final for postconviction purposes on February 20, 2014. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Williams then

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30523

waited 333 days—until January 20, 2015—to deliver to prison officials his *pro se* state habeas petition raising ineffective-assistance claims. Those claims were rejected by the state district and intermediate courts, and the Louisiana Supreme Court denied writs on October 9, 2017.[1] A clerical error delayed mailing of the high court's rulings for 16 days: They were mailed October 25 and Williams received them as late as November 2. A week later, on November 13, 2017, his one-year limitations period for seeking federal habeas relief expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2] Williams filed a *pro se* § 2254 application on November 20, 2017, asking that the limitations period be tolled for the 16 days of delay.

Adopting the magistrate's ruling, the district court concluded equitable tolling did not save Williams's petition and denied a certificate of appealability (COA). Williams appealed and requested a COA. A judge of our court granted a COA to address, *inter alia*, whether the district court abused its discretion by denying equitable tolling.[3] Williams was appointed counsel.

The one-year period for seeking federal habeas relief is tolled while a state habeas petition is pending. 28 U.S.C. § 2244(d). The parties agree that, following the Louisiana Supreme Court's denial of writs in Williams's state habeas case, his one year federal period expired on November 13, 2017. The

---

[1] *See State ex rel. Williams v. State*, 2016-0806 (La. 10/09/2017); 227 So. 3d 801; *State ex rel. Williams v. State*, 2016-2206 (La. 10/9/2017); 227 So. 3d 280.

[2] The period would have ordinarily expired 32 days after the October 9 writ denial on November 10, 2017. But November 10 was a federal holiday followed by a weekend, extending the period to Monday, November 13, 2017. *See* FED. R. CIV. P. 6(a)(1)(C).

[3] The COA also addressed whether the court correctly determined the filing date of Williams's state habeas petition and properly denied his Rule 59(e) motion based on purported new evidence on that issue. We need not address those issues, however. Like the district court, we accept the earliest possible filing date for Williams's state habeas petition (January 20, 2015) and conclude that, regardless, his federal petition was untimely.

parties also agree that, absent equitable tolling, Williams's federal petition—filed November 20, 2017—is untimely. They dispute only whether Williams is entitled to tolling for the Louisiana Supreme Court's 16-day delay in mailing its rulings. The district court answered in the negative, a ruling we review for abuse of discretion. *United States v. Cardenas*, 13 F.4th 380, 382 (5th Cir. 2021) (citation omitted), *cert. denied*, 142 S. Ct. 931 (2022).

"Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)) It is reserved for "rare and exceptional circumstances." *Ibid.* (quoting *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009)). A petitioner must at least show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The district court concluded Williams's almost eleven-month delay in filing his state habeas petition showed he failed to pursue his rights diligently. Williams contests that determination, arguing he showed diligence in various actions he took after filing the state petition. We need not resolve that debate, because, as the respondent argues, Williams plainly fails to show any extraordinary circumstance that stood in the way of his timely filing.

Contrary to Williams's arguments, the Louisiana Supreme Court's 16-day delay in mailing its rulings was not an extraordinary circumstance under our precedents. To be sure, "[l]ong delays in receiving notice of state court action may warrant equitable tolling." *Hardy*, 577 F.3d at 598. The relatively short delay here does not qualify, however. *See Clarke v. Rader*, 721 F.3d 339, 345 (5th Cir. 2013) (concluding a notice delay of "less than a month" is not extraordinary); *see also Davis v. Vannoy*, 762 F. App'x 208, 209

No. 19-30523

(5th Cir. 2019) (ten-day delay). The Louisiana Supreme Court mailed its ruling 16 days later than expected. Williams learned of the ruling 23 days after it was published but before his federal limitations period had expired. He waited another 18 days to file his federal petition. The 16-day delay was not an extraordinary circumstance triggering equitable tolling.

AFFIRMED.[4]

---

[4] For the same reasons, Williams's consolidated subsequent appeal of the district court's denial of his reconsideration motion is DENIED AS MOOT.